Filed 6/26/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 134

State of North Dakota, Plaintiff and Appellee

v.

Ernest Coppage, Defendant and Appellant

No. 20070304

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Lloyd C. Suhr, Assistant State's Attorney, Courthouse, 514 E. Thayer Ave., Bismarck, N.D. 58501, for plaintiff and appellee.

Kent M. Morrow, 411 N. 4th St., P.O. Box 2155, Bismarck, N.D. 58502-2155, for defendant and appellant.

State v. Coppage

No. 20070304

Maring, Justice.

[¶1] Ernest Coppage appeals the district court’s criminal judgment and a subsequent order denying his motion for a new trial entered on a jury’s verdict of guilty of attempted murder.  We hold that the jury verdict was not legally inconsistent, the motion for a new trial was not timely, and the verdict was supported by sufficient evidence.  We, therefore, affirm both the criminal judgment and the order denying Coppage’s motion for a new trial.

I

[¶2] In October 2006, Coppage was charged with attempted murder.  He allegedly attempted to kill the victim by intentionally choking her to the point of unconsciousness, repeatedly striking her with a wooden rod about the head, and stabbing her with a scissors under circumstances manifesting an extreme indifference to the value of human life.  Before trial, the district court issued preliminary jury instructions to the parties including the essential elements of attempted murder and aggravated assault.  Aggravated assault was characterized in the instructions as a lesser-included offense of attempted murder.  Both parties agreed these charges were the proper charges for the jury to consider.

[¶3] At trial, the victim testified that Coppage used a plunger and his hands to hit her.  She said Coppage choked her with his hands and the plunger handle while she was on her stomach.  She also testified that she pled with him not to kill her during the incident, to which he responded he did not care if he killed her.  The victim testified that she managed to get to a couch, but Coppage followed her and hovered over her with a serrated steak knife.  She testified she was able to grab the knife and throw it before running to a chair.  Coppage followed her with a pair of scissors and stabbed her leg before she was able to grab the scissors from Coppage and flee the home.  The victim testified she left the residence.  Coppage caught up to her, hit her in the head, told her to be quiet, and dragged her back into the residence.  

[¶4] Coppage testified he told the victim during the altercation that he was not going to kill her.  He claimed he only used his fists during the incident.  He said the victim struck him three times, and that he was attempting to defend himself.

[¶5]   The victim’s treating physician testified that the victim suffered soft tissue injuries and a right orbital fracture.  He testified that a CAT scan showed the victim suffered from brain hemorrhaging.  The victim was hospitalized for three days.  The physician indicated the victim’s wounds were consistent with stabbing with a scissors and forceful application of a wooden rod against her throat area.  He identified possible defensive wounds on the victim’s right thumb and left forearm.  The physician also identified hemorrhaging in the victim’s eyes consistent with the infliction of force or trauma.

[¶6] During closing arguments, Coppage conceded he was guilty of aggravated assault.   

[¶7] The jury received instructions outlining the elements of attempted murder.  Following the attempted murder instruction, the instructions continued by stating, “If you find the Defendant not guilty of the crime of Attempted Murder, then you must consider whether the Defendant is guilty of the crime of Aggravated Assault, a crime that is necessarily included in the offense charged.”  The instructions then outlined the elements of aggravated assault.  

[¶8] The verdict form contained two empty blanks where the jurors could indicate whether they found Coppage guilty or not guilty of each offense.  During deliberations, the jury issued several questions to the district court, including a question regarding what constitutes a substantial step toward the commission of murder.  This question came about one-half hour before the jury advised the court of its decision.  Following deliberations, the jury returned the completed verdict form.  On the form, the jury indicated it found Coppage guilty of both attempted murder and aggravated assault.  The district court judge read only the top of the verdict form, where the jury indicated it found Coppage guilty of attempted murder. 

[¶9] A sentencing hearing was held on October 9, 2007.   Coppage was sentenced to fifteen years’ imprisonment with five years suspended for attempted murder.  After the district court imposed the sentence for attempted murder, the court continued by stating, “It is the further order of the Court that said sentence . . . is also imposed on Count 2.”  The State interjected, “Your Honor, actually I think the Court might be getting confused.  There was a lesser included, but no actual second count.”  The court responded, “I’m sorry.  I stand corrected.  It is a lesser included.  And, accordingly, the Court does not — even though there was a verdict form and a finding by the jury. . . .”  After sentencing and entry of the criminal judgment, Coppage moved for a new trial.  The district court denied his motion.

[¶10] Coppage appeals the criminal judgment and the district court order denying his motion for a new trial.  He argues the district court abused its discretion in denying the motion for new trial because the verdict form was legally and logically inconsistent, and that there was insufficient evidence to support the attempted murder conviction.

II

[¶11] A district court’s decision on a motion for a new trial is reviewed under an abuse of discretion standard.  
State v. Lemons
, 2004 ND 44, ¶ 18, 675 N.W.2d 148.  A district court abuses its discretion “only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law.”  
Id.
  

[¶12] Coppage argues the district court abused its discretion in denying his motion for a new trial.  The State argues the district court did not abuse its discretion by denying Coppage’s motion for a new trial because Coppage’s motion for a new trial was not timely.  Under N.D.R.Crim.P. 33(a), a court may vacate a judgment and grant a new trial “if the interest of justice so requires.”  If a motion for a new trial is based on newly discovered evidence, it must be filed within three years after the verdict.  N.D.R.Crim.P. 33(b)(1).  Any motion for a new trial based on any other reason “must be filed within ten days after the verdict or finding of guilty.”  N.D.R.Crim.P. 33(b)(2).  

[¶13] The motion for a new trial was not based on newly discovered evidence.  Therefore, it should have been filed within ten days of the verdict under N.D.R.Crim.P. 33(b)(2).  The verdict was entered on July 27, 2006.  Although there was an irregularity in the verdict, the record reveals Coppage knew of it by the time of his sentencing.  At the sentencing hearing, the district court noted the verdict found him guilty of both attempted murder and aggravated assault.  The Court was prepared to impose a sentence for the assault charge, but sentenced Coppage only for the attempted murder conviction after the State pointed out that the assault conviction was charged as a lesser-included offense.  The sentencing hearing took place on October 9, 2007.  The motion for a new trial is dated December 28, 2007.  Thus, we hold that Coppage’s motion for a new trial was not timely.  

[¶14] The district court did not abuse its discretion in denying Coppage’s motion for a new trial.  Coppage’s motion was not timely.  We, therefore, affirm the district court order denying Coppage’s motion for a new trial.  

III

[¶15] Coppage argues the verdict form was logically and legally inconsistent.  Under N.D.R.App.P. 36(b)(2), we “may review any intermediate order or ruling which involves the merits or which may have affected the verdict or the judgment adversely to the appellant.”   

[¶16] The State argues the verdict was not inconsistent.  The State asserts that when two guilty verdicts are returned as to alternative charges, the guilty verdict on the greater charge stands, and the guilty verdict on the lesser charge merges into the greater charge.  

[¶17] Logically inconsistent verdicts generally do not entitle a defendant to a new trial.  
State v. Moore
, 438 N.W.2d 101, 108 (Minn. 1989).  An example of a logically inconsistent verdict would be a guilty verdict on both first and second degree murder because such a verdict would find both the presence and lack of premeditation.  
See
 
id.
  Legally inconsistent verdicts may, however, entitle a defendant to a new trial.  
See
 
State v. Jacob
, 2006 ND 246, ¶ 10, 724 N.W.2d 118 (stating that the “standard for reconciling a jury verdict is whether the verdict is legally inconsistent”).  “Verdicts are legally inconsistent when proof of the elements of one offense negates a necessary element of another offense.”  
State v. Cole
, 542 N.W.2d 43, 50 (Minn. 1996).  For example, a guilty verdict on both first and second degree murder is not legally inconsistent because the absence of premeditation is not a necessary element of second degree murder.  
Moore
, 438 N.W.2d at 108.  

[¶18] Here, the jury indicated on the verdict form that it found Coppage guilty of both attempted murder and aggravated assault.  Under N.D.C.C. § 12.1-06-01, a “person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime.”  A “substantial step” is defined as “any conduct which is strongly corroborative of the firmness of the actor’s intent to complete the commission of the crime.”  
Id.
  The "culpability level of the substantial step conduct is always elevated to 'intentionally.'"  
State v. Frohlich
, 2007 ND 45, ¶ 24, 729 N.W.2d 148. 

[¶19] Under N.D.C.C. § 12.1-16-01(1), a person is guilty of murder if the person: 

a. Intentionally or knowingly causes the death of another human being;

b. Causes the death of another human being under circumstances manifesting extreme indifference to the value of human life; or

c. Acting either alone or with one or more other persons, commits or attempts to commit [one of the enumerated crimes] and, in the course of and in furtherance of such crime or of immediate flight therefrom, the person or any other participant in the crime causes the death of any person.

Murder under N.D.C.C. § 12.1-16-01(1)(b) is a crime of general intent; thus, the culpability required for conviction of murder under that subsection is “willfully.”  
State v. Erickstad
, 2000 ND 202, ¶ 25, 620 N.W.2d 136; 
see
 N.D.C.C. § 12.1-02-

02(2) (stating, “[i]f a statute or regulation thereunder defining a crime does not specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully”). 

[¶20] Under N.D.C.C. § 12.1-17-02(1), a person is guilty of aggravated assault if that person “[w]illfully causes serious bodily injury to another human being.”

[¶21] Coppage argues proof of attempted murder negates a necessary element of aggravated assault because each crime requires a different state of mind.  He asserts that attempted murder requires intentional conduct, and aggravated assault requires either willful or knowing conduct.  He maintains that attempted murder requires conduct manifesting an extreme indifference to the value of human life, while aggravated assault requires serious or substantial bodily injury. 

[¶22] We conclude Coppage is not entitled to a new trial because the verdict was not legally inconsistent.  The culpability required for both murder under N.D.C.C. § 12.1-16-01(1)(b) and aggravated assault under N.D.C.C. § 12.1-17-02(1) is willfully.  For attempt under N.D.C.C. § 12.1-06-01(1), the culpability level of the substantial step conduct is intentionally.  
See
 
Frohlich
, 2007 ND 45, ¶ 24, 729 N.W.2d 148.  The culpability requirements for the two crimes are not identical because conviction of attempted murder in this case also required proof of “circumstances manifesting extreme indifference to the value of human life” and intentionality of the substantial step conduct.  However, in order to convict an individual of aggravated assault, there is no need to prove an absence of circumstances manifesting an extreme indifference to the value of human life, nor is there a need to prove an absence of intentionality.  Therefore, the jury's verdict finding Coppage guilty of both crimes is not legally inconsistent.  

[¶23] Moreover, although the district court characterized aggravated assault as a lesser-included offense, our previous decisions indicate that aggravated assault is not a lesser-included offense of attempted murder.  
See
 
State v. Sheldon
, 301 N.W.2d 604, 609-10 (N.D. 1980).  As we explained in 
Sheldon
, at 610, 

Aggravated assault . . . is not a lesser included offense to the offense of attempted murder. . . . Aggravated assault, except under subsection 4 of § 12.1-17-02, N.D.C.C., requires that a bodily injury be suffered by the victim of the offense. . . . The offense of attempted murder does not require that the victim of the offense suffer a bodily injury.  Although a substantial step toward commission of the crime may well involve a bodily injury, it is clear that the elements of proof involved in the offenses of aggravated assault under subsections 1, 2, and 3 of § 12.1-17-02, N.D.C.C., and attempted murder differ.

 

See also
 
State v. Keller
, 2005 ND 86, ¶ 31, 695 N.W.2d 703 (holding that we apply an elements-of-the-offense analysis to determine whether an offense is a lesser-

included offense).  Nonetheless, neither party objected to the instruction at trial.  “Unchallenged jury instructions become the law of the case.”  
State v. Rogers
, 2007 ND 68, ¶ 10, 730 N.W.2d 859.  Therefore, under the law of the case, the State is correct in asserting that the lesser-included offense of aggravated assault would merge with the greater offense of attempted murder in this particular case.  

IV

[¶24] Coppage argues the evidence supporting the attempted murder conviction is insufficient.   “When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction.”  
State v. Schmeets
, 2007 ND 197, ¶ 8, 742 N.W.2d 513.  “The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.”  
Id.
  “A conviction rests upon insufficient evidence only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.” 
Id.
  

[¶25] Coppage asserts that other states’ courts have found insufficient evidence to support a conviction of attempted murder when a victim was not injured in a potentially fatal manner.  He argues that the right orbital blowout fracture suffered by the victim was not potentially fatal.  He contends the State did not prove beyond a reasonable doubt that Coppage intended to kill the victim.  He points to his trial testimony where he said he “wasn’t going to kill her.”  Coppage maintains all of his actions were instinctual and responsive to the victim’s actions.  

[¶26] The State argues that the evidence was sufficient to uphold the jury’s guilty verdict.  The State asserts a rational fact finder could find the defendant guilty beyond a reasonable doubt.  The State asserts that N.D.C.C. § 12.1-16-01(1)(b) requires only that Coppage’s actions were taken with an extreme indifference to human life.  The attempted murder charge did not require proof of actual intent to cause death.  The State maintains there was sufficient evidence for the jury to conclude that Coppage choked, struck, and stabbed the victim, and that those actions reflected an extreme indifference to the value of human life.  The State argues the jury could have reasonably relied on this evidence to conclude that Coppage manifested an extreme indifference to the victim’s life.  

[¶27] We agree with the State that there is sufficient evidence to support the conviction.  Section 12.1-16-01(1)(b), N.D.C.C., requires only that Coppage’s actions manifest an extreme indifference to human life, not that Coppage’s actions result in a potentially fatal injury.  On appeal, Coppage has not met his burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.  There was testimony that he stabbed the victim with a scissors, held a steak knife over her, and cut off her air supply by holding a plunger handle to her throat.  This evidence allowed the jury to draw an inference reasonably tending to prove Coppage took a substantial step toward murdering the victim and fairly warranting his conviction.  We, therefore, affirm the district court criminal judgment.

V

[¶28] The district court properly denied Coppage’s untimely motion for a new trial.  The jury verdicts finding Coppage guilty of both aggravated assault and attempted murder were not legally inconsistent.  There was sufficient evidence to uphold the jury verdict finding Coppage guilty of attempted murder.  We, therefore, affirm the district court criminal judgment and the district court order denying Coppage’s motion for a new trial.

[¶29] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.