2011 ND 116

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Salome Fierros HINOJOSA, Defendant and Appellant.**

No. 20100218.

Supreme Court of North Dakota.

June 21, 2011.

Petition for Rehearing Denied July 13, 2011.

Gary E. Euren, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1]   Salome Fierros Hinojosa appeals from a criminal judgment entered on a jury verdict finding him guilty of delivery of methamphetamine within one thousand feet of a university. We affirm, concluding that the Uniform Mandatory Disposition of Detainers Act was not violated by the failure to hold Hinojosa's criminal trial within 90 days of the filing of his request for disposition of the charge against him and that the evidence is sufficient to support the conviction.

I

[¶ 2]   In September 2009, Hinojosa was charged with delivery of methamphetamine within one thousand feet of North Dakota State University in Fargo, a class AA felony because it was his third drug-related offense. *See* N.D.C.C. §§ 19–03.1–23(1)(a) and 19–03.1–23.1(1)(a) and (2). The incident was alleged to have occurred on June 3, 2009, in an apartment building near University property where law enforcement officers had sent a fe-male confidential informant to purchase methamphetamine. An officer drove the informant to the apartment building and she proceeded to the apartment of a man who would later become a confidential informant. The man called Hinojosa to obtain the methamphetamine to sell to the female informant. Hinojosa brought the methamphetamine to the front door of the apartment building where the man exchanged money for the methamphetamine and then gave the methamphetamine to the female informant.

[¶ 3]   On October 2, 2009, Hinojosa, who was already serving a prison sentence in North Dakota on a previous conviction, filed with the clerk of district court a request under the Uniform Mandatory Disposition of Detainers Act, N.D.C.C. ch. 29–33, to have his trial held within 90 days. The case was set for a jury trial to be held on December 29, 2009. At the scheduled preliminary hearing on December 10, 2009, Hinojosa's defense attorney obtained a continuance of the preliminary hearing until December 21, 2009. On December 15, 2009, the State filed and served defense counsel with a notice of endorsement of additional witnesses which listed the male confidential informant as a proposed witness. On the same date, the State moved for a continuance of the trial to the week of February 23, 2010, because one of the State's scheduled witnesses, a chemist at the state crime laboratory, "is on vacation in Colorado the week of December 29, 2009, and unavailable."

[¶ 4]   The district court considered the State's motion at the December 21, 2009, preliminary hearing where defense counsel also informed the court that he had to withdraw as Hinojosa's attorney because he had a conflict of interest caused by the male confidential informant who had been named as a prospective witness. Defense counsel, however, objected to the continu-

ance and informed the court "I'm not going to waive anything on behalf of Mr. Hinojosa," but admitted to the court that "I can't identify prejudice" to Hinojosa because "[h]e's got a prison term until next May, next spring." The court granted the State's motion and a different attorney was assigned to represent Hinojosa. The court noted, "in light of the problems on the defense side with the conflicts and the pending reassignment, . . . a postponement would be beneficial, I assume, for the defense as well." The court explained:

> [U]ntil recently the matter was scheduled for trial within the 90–day window. We even made arrangements to specially schedule the preliminary hearing in an attempt to keep things on that 90–day track. But these most recent developments, which are beyond the control of either party, clearly do upset the apple cart. I find at this point, based on the additional comments from counsel, that there is good cause for extending the deadline. And that finding is buttressed by the admission that the defendant is not in a position to claim any resulting prejudice.

[¶ 5] Hinojosa's trial date was continued on two more occasions with Hinojosa's consent, subject to the condition that Hinojosa was not waiving his "ability to argue that his right to a speedy trial was violated at some time in the past." The trial was eventually held on April 20 and 21, 2010. The jury found Hinojosa guilty.

## II

[¶ 6] Hinojosa argues his rights under the Uniform Mandatory Disposition of Detainers Act were violated when the district court in December 2009 granted the State's motion for a continuance which pushed his trial date beyond the 90–day limit.

[¶ 7] Application of the Uniform Mandatory Disposition of Detainers Act " 'is limited to those instances where a detainer has been filed against a person imprisoned in a penal or correctional institution in the State of North Dakota.' " *State v. Moe*, 1998 ND 137, ¶ 19, 581 N.W.2d 468 (quoting *State v. Carlson*, 258 N.W.2d 253, 257 (N.D.1977)). The Act creates "a conditional procedural statutory right" and "is not the equivalent of a fundamental constitutional right requiring the personal waiver or consent of the defendant to be effective." *Carlson*, at 258. Section 29–33–03, N.D.C.C., "requires pending charges against an incarcerated prisoner be tried within 90 days of the court's receipt of a request for speedy trial or be dismissed with prejudice," but "the statute also allows the court, in its discretion, to grant the State a continuance of the trial for good cause shown." *State v. Olsen*, 540 N.W.2d 149, 150 (N.D.1995). In *State v. Kania*, 341 N.W.2d 361, 365 (N.D.1983), this Court said:

> Legal logic dictates sound discretion is the proper standard to be applied on the question whether or not good cause existed for extension or continuance, and that an appellate court will not reverse such decision except in instances where the trial judge abused his discretion. We have repeatedly stated that abuse of discretion is the equivalent of acting unreasonably, arbitrarily or unconscionably.

[¶ 8] The pertinent factors for determining whether an extension or continuance of a trial is for "good cause" under N.D.C.C. § 29–33–03 are: "(1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant." *State v. Foster*, 1997 ND 8, ¶ 7, 560 N.W.2d 194. No factor is controlling, but a "lack of prejudice substantially weakens a claim." *State*

*v. Moore*, 2007 ND 7, ¶ 6, 725 N.W.2d 910. "Delays or continuances primarily resulting from the conduct of the defendant or his attorney cannot be charged against the State in a claim of failure to bring a case to trial within 90 days." *State v. Fulks*, 1997 ND 143, ¶ 4, 566 N.W.2d 418. "When a defendant, through his own actions or the actions of his attorney, substantially contributes to the State not bringing charges to trial within the 90–day period required by the Detainers Act, the defendant cannot merely rely upon expiration of the 90–day period to have the charges dismissed against him." *Id.* at ¶ 8.

[¶ 9] There is no dispute that Hinojosa properly asserted his rights in this case. The February 23, 2010, first rescheduled trial date before Hinojosa consented to further continuances is approximately 54 days beyond the 90–day limit. We do not view this delay as excessive given the severity of the class AA felony charge facing Hinojosa. *See Moore*, 2007 ND 7, ¶ 7, 725 N.W.2d 910 (38–day delay was minimal for serious crimes charged); *Fulks*, 1997 ND 143, ¶¶ 2–9, 566 N.W.2d 418 (delay of one and one-half months did not violate Act where much of delay was attributable to defendant).

[¶ 10] Hinojosa asserts that the State's reason for seeking a delay based on the absence of a vacationing witness is insufficient to constitute good cause for a continuance. This might be a closer case if the absence of the State's vacationing witness was the sole ground for the district court's ruling. *See State v. Bergstrom*, 2004 ND 48, ¶ 18, 676 N.W.2d 83 ("The delay due to the Assistant State's Attorney's vacation is attributable to the State action, but the delay due to the unavailability of the State's main witness and crime lab analyst would not be."). However, there was much more involved in the court's decision to grant the continu-

ance and delay Hinojosa's trial beyond the 90–day limit. Hinojosa's attorney was forced to withdraw as counsel because of a conflict of interest only eight days before the scheduled trial date. The charge against Hinojosa was a class AA felony and Hinojosa's newly appointed defense attorney needed sufficient time for investigation and preparation for trial. Good cause for delay exists when defense counsel requires additional time for preparation and investigation to ensure that a defendant receives effective assistance of counsel. *See State v. Taylor*, 298 S.W.3d 482, 504 (Mo.2009); *see also* F. Kletter, Annot., *Construction and Application of Uniform Mandatory Disposition of Detainers Act*, 37 A.L.R. 6th 357, §§ 52–53 (2008).

[¶ 11] Defense counsel's statement to the court that he was not waiving any of Hinojosa's rights by withdrawing from the case does not alter the good cause analysis. In *Foster*, 1997 ND 8, ¶ 2, 560 N.W.2d 194, the defendant's attorney on the day before trial asked to be dismissed from representing the defendant because of a conflict of interest. The court granted the request and appointed another attorney, but the new attorney told the court he needed time to prepare and would not be able to proceed with the trial the next day. *Id.* The defendant did not want the new attorney to represent him and told the court he would rather try the case himself. *Id.* The court found good cause existed for continuing the trial beyond the 90–day limit. *Id.* This Court ruled substitution of counsel the day before trial was to begin, in conjunction with other circumstances, warranted postponement of the trial. *Id.* at ¶ 10. We conclude that in this case, the combination of the unavailability of the state's crime lab witness and the withdrawal of defense counsel shortly before the scheduled trial due to a conflict of

interest was sufficient to constitute good cause for the delay.

[¶ 12] Finally, Hinojosa has not shown any prejudice from the delay. Hinojosa's first attorney conceded no prejudice would result from the delay because Hinojosa was incarcerated on another matter. Hinojosa subsequently consented to two further delays of his trial. Hinojosa has not claimed any of the three forms of prejudice, which we have held include: oppressive pretrial incarceration, anxiety and concern caused by the delay, or an impaired defense. *See Moore*, 2007 ND 7, ¶ 9, 725 N.W.2d 910; *Foster*, 1997 ND 8, ¶ 12, 560 N.W.2d 194.

[¶ 13] We conclude the district court did not abuse its discretion in delaying Hinojosa's trial beyond the 90–day time period and Hinojosa's rights under the Uniform Mandatory Disposition of Detainers Act were not violated.

### III

[¶ 14] Hinojosa argues the district court erred in denying his N.D.R.Crim.P. 29 motion for judgment of acquittal because the evidence is insufficient to support his conviction.

### A

[¶ 15] The State argues Hinojosa cannot challenge the sufficiency of the evidence on appeal because although he moved for judgment of acquittal at the close of the State's case-in-chief under N.D.R.Crim.P. 29, he did not renew the motion either after the guilty verdict was rendered or after discharge of the jury.

[¶ 16] The State relies on *State v. Deutscher*, 2009 ND 98, ¶ 17, 766 N.W.2d 442, in which a majority of this Court held "the defendant must timely move for a judgment of acquittal, or renew such a motion, after a guilty verdict or after the discharge of the jury, unless the court has

reserved its decision on a prior motion under N.D.R.Crim.P. 29(b)." The issue in *Deutscher* was whether the district court erred in setting aside a guilty verdict when the defendant did not move for a judgment of acquittal after the jury returned a guilty verdict, *id.* at ¶ 15, not whether the failure to do so precludes a reviewing court from addressing a challenge to the sufficiency of the evidence. This Court has issued decisions since *Deutscher* recognizing the well-established rule that a motion for judgment of acquittal under N.D.R.Crim.P. 29 at the close of the State's case-in-chief preserves the issue of sufficiency of the evidence for appeal. *See State v. Grant*, 2009 ND 210, ¶ 22, 776 N.W.2d 209; *State v. McAvoy*, 2009 ND 130, ¶ 8, 767 N.W.2d 874. *Deutscher* does not govern preserving sufficiency of the evidence issues for purposes of appeal. Hinojosa has preserved the issue in this case.

### B

[¶ 17] Hinojosa argues the State failed to establish beyond a reasonable doubt that the delivery of the methamphetamine occurred within one thousand feet of North Dakota State University.

[¶ 18] Our standard of review for claims of insufficient evidence in criminal cases is well established:

"Appellate review of the sufficiency of the evidence for a jury verdict is very limited." *State v. Alvarado*, 2008 ND 203, ¶ 20, 757 N.W.2d 570 (quoting *State v. Freed*, 1999 ND 185, ¶ 4, 599 N.W.2d 858). "When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction." *State v. Coppage*, 2008 ND 134, ¶ 24, 751

N.W.2d 254 (quoting *State v. Schmeets,* 2007 ND 197, ¶ 8, 742 N.W.2d 513). "The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *Coppage,* at ¶ 24 (quoting *Schmeets,* at ¶ 8). When considering insufficiency of the evidence, we will not "reweigh conflicting evidence or judge the credibility of witnesses." *State v. Hidanovic,* 2008 ND 66, ¶ 44, 747 N.W.2d 463. We have held, "A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty." *State v. Wilson,* 2004 ND 51, ¶ 9, 676 N.W.2d 98 (quoting *State v. Hatch,* 346 N.W.2d 268, 277 (N.D.1984)). *State v. Demarais,* 2009 ND 143, ¶ 7, 770 N.W.2d 246.

[¶ 19] The State introduced as an exhibit an aerial photograph map of the University property and the apartment building where the delivery of the methamphetamine took place. The police detective who prepared the map testified that he had been trained in the use of "ArcMap," a computer software program used by city planners and engineers. The detective testified that he combined a parcel map and an aerial map of the area to determine distances and the calculations are accurate "plus and minus three feet to every mile." The map shows it is 904 feet from the University building to the apartment building and 778 feet from the University property line to the apartment building property line.

[¶ 20] Hinojosa argues because the exhibit does not include a measurement from the door of the apartment building where the delivery took place, the evidence is insufficient to sustain his conviction. From our view of the exhibit and consideration of the detective's testimony, the jury could find beyond a reasonable doubt that the door of the apartment building is close enough to the actual measuring points on the map to fall well within the one thousand foot requirement under N.D.C.C. § 19–03.1–23.1(1)(a).

[¶ 21] We conclude the evidence is sufficient to sustain the conviction.

IV

[¶ 22] The criminal judgment is affirmed.

[¶ 23] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.