2017 ND 15

**STATE of North Dakota, Plaintiff
and Appellee**

v.

**Steven Daniel GIBSON, Defendant
and Appellant**

**No. 20160201**

Supreme Court of North Dakota.

Filed 2/16/2017

Wade A. Davison, Assistant State's Attorney, Burleigh County Courthouse, 514 East Thayer Avenue, Bismarck, N.D. 58501, for plaintiff and appellee; submitted on brief.

Thomas J. Glass, 418 East Rosser Avenue, Suite 102, Bismarck, N.D. 58501, for defendant and appellant; submitted on brief.

Tufte, Justice.

[¶ 1] Steven Gibson appeals from a criminal judgment entered upon his conditional guilty plea after the district court rejected

his claim that the State violated his right to a speedy trial. The issue is whether the ninety-day period under N.D.C.C. § 29–19–02 began when Gibson gave his speedy trial request to the prison for mailing or whether it began when the district court and the state's attorney received Gibson's request. We affirm, concluding that the ninety-day period under N.D.C.C. § 29–19–02 began when the district court and the state's attorney received Gibson's request for a speedy trial and thus that Gibson's trial was scheduled within ninety days.

## I

[¶ 2] While incarcerated, Gibson asked his wife through emails and recorded phone calls to sexually molest their fourteen-month-old child for his own immediate gratification and for his stated purpose to "[g]et her used to it." The North Dakota Department of Corrections discovered this correspondence, and the State subsequently charged Gibson with two counts relating to the sexual abuse of his child.

[¶ 3] On October 2, 2015, Gibson submitted a speedy trial request to the Department of Corrections and Rehabilitation. On October 13, the Department mailed Gibson's request to the district court and the state's attorney. The district court received the request on October 15, and the state's attorney received it on October 16. The district court scheduled a trial for January 6, 2016, ninety-six days after Gibson submitted his request to the Department and eighty-two days after the district court and state's attorney had each received it.

[¶ 4] On January 4, Gibson moved the district court to dismiss his charges, arguing the State had violated his right to a speedy trial. He argued that the ninety-day time for the district court to begin his trial began running when he submitted his request to the Department. The district court denied Gibson's motion, concluding the State had not violated his right to a speedy trial. Gibson entered a conditional plea of guilty, reserving the right to appeal his speedy trial claim. On appeal, he argues the district court should have scheduled his trial to begin within ninety days of his having submitted his documents to the Department, not within ninety days of the district court and the state's attorney having received them.

## II

### A

[¶ 5] Gibson claims his speedy trial right was violated when a trial had not begun within 90 days after he submitted his request to the Department for mailing. The issue on appeal is the meaning of the term "elects" in N.D.C.C. § 29–19–02, a question of law we review de novo. State v. Gasal, 2015 ND 43, ¶ 6, 859 N.W.2d 914. In criminal cases involving felony offenses under section 19–03.1–23 (controlled substances offenses) or under chapter 12.1–20 (sex offenses), the speedy trial right "is for the trial to begin within ninety days of the date the party elects this right." N.D.C.C. § 29–19–02. Gibson argues that he "elected" his speedy trial right when he gave the request to the Department. The State argues that Gibson "elected" his right effective when it was received by the court and state's attorney. In this matter of first impression, we construe this section consistent with the Interstate Agreement on Detainers and the Uniform Mandatory Disposition of Detainers Act and conclude that a defendant "elects" his right when the district court and the prosecutor receive the party's request. See State v. Ripley, 548 N.W.2d 24, 27 (N.D. 1996) (holding that under the Uniform Mandatory Disposition of Detainers Act, the ninety-day period begins to

run when the district court and prosecuting official receive the defendant's request); see also State v. Moe, 1998 ND 137, ¶ 16, 581 N.W.2d 468 (holding that under North Dakota's Interstate Agreement on Detainers, the ninety-day period begins to run when the state's attorney receives the defendant's request).

[¶ 6] The State did not violate Gibson's right to a speedy trial under N.D.C.C. § 29-19-02, because the district court scheduled his trial to begin within ninety days of the court and the state's attorney having received his request. The parties agree that the district court received his request on October 15 and the state's attorney received it on October 16. The jury trial was set for January 6, 2016, eighty-two days after October 16, 2015, and ninety-six days after Gibson submitted his request. Because the starting date under § 29-19-02 is the date of receipt by both the court and the prosecutor, the district court did not err in dismissing Gibson's speedy trial claim.

**B**

■ [¶ 7] Gibson argues he should be entitled to dismissal under N.D.C.C. § 29-33-02, which requires the Department to "forthwith" mail a prisoner's request for disposition of pending charges to the court and prosecutor. Fourteen days passed between October 2, when Gibson submitted his request to the Department, and October 16, when the state's attorney received it. Eleven of those days were due to delay within the Department before the request was mailed, and three days were due to time in transit by mail. Gibson asks us to conclude that the term "forthwith" in § 29-33-02 requires us to begin the ninety-day speedy trial period upon sending of a request and to ignore the plain language of N.D.C.C. § 29-33-03, which requires dismissal of charges not brought to trial

within "ninety days after the receipt of the request and certificate by the court and prosecuting official." This duty to act promptly in forwarding a prisoner's request may require some urgency on the part of the Department, but it does not alter the start of the ninety-day period specified in either chapter 29-19 or 29-33.

**III**

[¶ 8] The State did not violate Gibson's right to a speedy trial, and therefore the district court appropriately denied his motion to dismiss. We affirm the criminal judgment.

[¶ 9] Jerod E. Tufte

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

VandeWalle, Chief Justice, concurring specially.

[¶ 10] Under the facts of this case I concur in the result reached by the majority opinion. I agree that ordinarily the ninety-day period in which to hold a trial after the right to a speedy trial has been demanded begins with the receipt of the demand by the court and the prosecutor. But I leave for another day the question of whether or not a prisoner is denied the right to a speedy trial if the Department of Corrections negligently or, worse, purposely fails to mail "forthwith" the prisoner's request for disposition of pending charges to the court and to the prosecutor. Whether or not that issue would be framed under the Interstate Agreement on Detainers and the Uniform Mandatory Disposition of Detainers Act or the right to a speedy trial under Article 6 of the Amendments to the United States Constitution or Art. 1, § 12 of the North Dakota Constitution, the Department of Corrections is part of the "State" and its actions may deny the

prisoner a right to a speedy trial as well as the prosecutor or the court could deny that right.

[¶ 11] Here, as the majority opinion notes, there were eleven days between the time Gibson submitted his request for a speedy trial to the Department and the time the Department mailed the request to the district court and the state's attorney. We are unaware of the normal time that prisoners' letters submitted for mailing are actually mailed by the Department. Trial was scheduled ninety-six days after Gibson submitted his request to the Department to mail. Significantly, there is no evidence other than the eleven-day interval between the time the request was submitted to the Department and the time it was mailed that the Department negligently or purposely did not mail the request "forthwith." That time interval is simply not enough to draw any inferences or presumptions that the request was not mailed "forthwith."

[¶ 12] Gerald W. VandeWalle, C.J.

Daniel J. Crothers