# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 164

State of North Dakota,                                          Plaintiff and Appellee

v.

James Glenn Watson,                                      Defendant and Appellant

No. 20180294

State of North Dakota,                                          Plaintiff and Appellee

v.

James Glenn Watson,                                      Defendant and Appellant

No. 20180295

State of North Dakota,                                          Plaintiff and Appellee

v.

James Glenn Watson,                                      Defendant and Appellant

No. 20180296

Appeals from the District Courts of Golden Valley, Hettinger, and Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Christina M. Wenko (argued) and Olivia L. Krebs (appeared), Dickinson, ND, for plaintiff and appellee.

Kevin McCabe, Dickinson Public Defender Office, Dickinson, ND, for defendant and appellant.

**State v. Watson**

**Nos. 20180294, 20180295, 20180296**

**Crothers, Justice.**

[¶1]     James Watson appeals after a jury found he was guilty of continuous sexual abuse of a child in Golden Valley County, he conditionally pled guilty to sexual assault in Hettinger County, and he conditionally pled guilty to continuous sexual abuse of a child in Stark County.  Watson argues the district court erred by granting continuances in all three cases and violated his statutory speedy trial rights.  We conclude the court did not abuse its discretion by granting the State's motions for continuances in the Hettinger and Stark County cases.  But Watson's statutory speedy trial right was violated in the Golden Valley County case because trial did not begin within 90 days of Watson's speedy trial election and the district court did not find good cause for the delay.  We affirm the Hettinger and Stark County judgments and reverse the Golden Valley County judgment and remand.


I

[¶2]     This case involves consolidated appeals from district court cases in Hettinger County, Stark County, and Golden Valley County.  Although the issues raised on appeal are similar and the victim and defendant are the same in each case, we address the facts of each case separately.

A

Golden Valley County

[¶3]     On June 30, 2017, Watson was charged in Golden Valley County with one count of continuous sexual abuse of a child.  The complaint alleged Watson engaged in sexual conduct or sexual acts on at least a weekly basis with a child under the age of 15 during the fall of 2011 through December 2011.

[¶4]     On October 2, 2017, Watson was arraigned. On October 3, 2017, Watson filed and electronically served a speedy trial request under N.D.C.C. §§ 29-01-06 and

29-19-02. A jury trial was scheduled for December 27, 2017. The trial was later rescheduled for January 3-5, 2018.

[¶5] On December 14, 2017, the State moved for a continuance. The State argued good cause existed for the court to grant a continuance because the investigation was ongoing, law enforcement released additional information, and the State wanted additional time to review the new information and make Watson an offer. The State also claimed it had a scheduling conflict because the jury trial was tentatively scheduled for January 3-5, 2018, and the State's Attorney had a jury trial scheduled in a different case on January 5, 2018. Watson objected to the State's motion.

[¶6] On December 15, 2017, the district court advised the parties the jury trial was scheduled for January 3-5, 2018 as a backup trial due to problems with the court's schedule. The court recommended the State prepare as if the case would be going to trial on the dates scheduled unless the court specifically ordered a continuance.

[¶7] On December 20, 2017, the district court denied the State's motion for a continuance. The court considered Watson's right to a speedy trial and whether the State had shown good cause for a continuance. The court found good cause did not exist based on the State's request for more time to investigate. The court found any conflict with another case scheduled for trial on the same day was not applicable because the judge also would be involved in that case if it did not settle, and no conflict would exist if it did settle. The court denied the State's request.

[¶8] The trial was not held on January 3-5, 2018. There is no information in the record about the trial until January 22, 2018, when an amended notice of trial was filed, rescheduling the jury trial to January 31-February 2, 2018. The trial was held, and the jury found Watson guilty of continuous sexual abuse of a child. Watson was sentenced to 25 years in prison.

B
Hettinger County

2

[¶9] On June 30, 2017, Watson was charged in Hettinger County with two counts of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03, a class AA felony; and one count of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03, a class A felony. The complaint alleged Watson engaged in a sexual act or sexual contact with the victim when he was between the ages of 48 and 50 and the victim was between 15 and 18, and he compelled the victim to submit by force or threat of imminent death or serious bodily injury.

[¶10] On October 2, 2017, Watson was arraigned and a criminal information was filed charging him with one count of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03, a class AA felony. On October 3, 2017, Watson filed and electronically served a speedy trial request under N.D.C.C. §§ 29-01-06 and 29-19-02.

[¶11] The jury trial was scheduled for December 27, 2017. An amended notice of trial was later entered, stating the jury trial would be held on December 27-29, 2017. On December 18, 2017, the State moved for a continuance. The State alleged good cause existed for the delay because the victim was a necessary witness and she was unavailable for trial on December 28-29, 2017.

[¶12] On December 20, 2017, the district court advised the parties the State must comply with N.D.C.C. § 29-19-06 for the court to properly consider whether a continuance should be granted based upon the unavailability of a witness. The State filed a supplemental brief in support of its motion. Watson objected to the State's motion.

[¶13] On December 22, 2017, the district court granted the State's motion, finding the State's supplemental brief supplied the information required by N.D.C.C. § 29-19-06. The court concluded the State had shown good cause to delay the trial beyond the 90-day requirement based on the witness's unavailability. The court continued the trial to January 31-February 2, 2018. An amended notice rescheduled the trial for February 7-9, 2018.

3

[¶14]   The parties reached a plea agreement under which the State amended the gross sexual imposition charge to a sexual assault charge.  On March 13, 2018, an amended criminal information was entered, charging Watson with one count of sexual assault in violation of N.D.C.C. § 12.1-20-07, a class C felony.  Watson entered a conditional *Alford* plea of guilty to the amended charge.  Watson was sentenced to five years in prison, with credit for time served.  A criminal judgment was entered.

C

Stark County

[¶15]   On June 30, 2017, Watson was charged in Stark County with continuous sexual abuse of a child in violation of N.D.C.C. § 12.1-20-03.1, a class AA felony.  The State alleged Watson engaged in sexual contact or acts on a weekly basis with a child under 15 during the fall of 2011 through April 2013.

[¶16]   On October 2, 2017, Watson was arraigned.  On October 3, 2017, Watson filed and electronically served a speedy trial request under N.D.C.C. §§ 29-01-06 and 29-19-02.  The jury trial was scheduled for December 27-29, 2017.

[¶17]   On December 14, 2017, the State moved for a continuance, claiming it was unavailable for the week of December 25-29, 2017.  The State also filed an affidavit from the State's Attorney, stating the primary witness in the matter was unavailable to testify at the scheduled trial.  Watson objected to the requested continuance and argued the State failed to meet the requirements of N.D.C.C. § 29-19-06 for a continuance due to an absent witness.

[¶18]   On December 18, 2017, the district court denied the continuance motion based on the unavailability of the witness because the State failed to comply with N.D.C.C. § 29-19-06, but allowed the State until December 20, 2017 to file the required information if it wanted the court to consider the witness's unavailability as a reason for a continuance.  The State supplemented its motion to provide the required information.

[¶19]   On December 20, 2017, the district court granted the State's motion, finding the State's unavailability was not a sufficient or justifiable reason for a continuance,

4

but good cause existed to delay the trial beyond the 90-day requirement based on the witness's unavailability.

[¶20] On December 21, 2017, Watson objected to the State's supplement to its motion for a continuance, arguing the State did not show that it used diligence to secure the witness for trial. The court reviewed the objection and ordered that its order granting the continuance "stands," finding the State submitted the required information to comply with N.D.C.C. § 29-19-06 and Watson did not address prejudice, which was the key element in deciding whether to grant a continuance in the case.

[¶21] A jury trial was rescheduled for February 7-9, 2018, at the Stark County Courthouse. Watson ultimately entered an *Alford* conditional guilty plea to one count of continuous sexual abuse of a child, a class AA felony. He was sentenced to 25 years in prison with the possibility of parole. A criminal judgment was entered.

II

[¶22] Watson argues his speedy trial right under N.D.C.C. § 29-19-02 was violated in all three cases and the district court erred by granting the State's motions for a continuance. He claims the trials were required to begin within 90 days of when he elected to assert his right to a speedy trial under N.D.C.C. § 29-19-02, he elected his right on October 3, 2017, the statute required each trial to begin by January 2, 2018, and the time limit could only be exceeded for good cause. He claims the State did not have good cause for exceeding the statutory time limit in any of the cases. Watson does not argue his speedy trial rights under either the federal or state constitutions were violated, and we are not deciding those issues.

[¶23] "When an appellant raises a speedy trial issue, we review the district court's findings of fact under a clearly erroneous standard." *Koenig v. State,* 2018 ND 59, ¶ 12, 907 N.W.2d 344 (quoting *City of Grand Forks v. Gale*, 2016 ND 58, ¶ 8, 876 N.W.2d 701); *see also State v. Hall*, 2017 ND 124, ¶ 12, 894 N.W.2d 836. The decision to grant or deny a continuance is in the court's discretion and the court's

5

decision will be reviewed for an abuse of discretion. *State v. Ripley*, 2009 ND 105, ¶ 12, 766 N.W.2d 465; *Everett v. State*, 2008 ND 199, ¶ 25, 757 N.W.2d 530. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *State v. Hinojosa*, 2011 ND 116, ¶ 7, 798 N.W.2d 634.

[¶24] Section 29-19-02, N.D.C.C., states:

> "In a criminal prosecution, the state and the defendant each shall have the right to a speedy trial. The right to a speedy trial in a criminal case in which the charging instrument contains a charge of a felony offense under section 19-03.1-23 or under chapter 12.1-20 is for the trial to begin within ninety days of the date the party elects this right. The prosecution and the defendant shall elect this right within fourteen days following the arraignment. The court may allow the trial to begin later than ninety days of the arraignment for good cause."

This statutory speedy trial right applies in criminal cases involving felony offenses under N.D.C.C. § 19-03.1-23, controlled substances, and under N.D.C.C. ch. 12.1-20, sex offenses. *See* N.D.C.C. § 29-19-02; *State v. Gibson*, 2017 ND 15, ¶ 5, 889 N.W.2d 852. The defendant has a statutory right to trial within 90 days of electing the right under N.D.C.C. § 29-19-02. *See* N.D.C.C. § 29-19-02; *see also Koenig v. State*, 2018 ND 59, ¶ 16, 907 N.W.2d 344. The defendant must "elect" his right for the statute to apply, and a defendant elects his right when it is received by the court and prosecutor. *See Gibson*, at ¶ 5. The defendant must elect the right within a 14-day window following arraignment. *See* N.D.C.C. § 29-19-02; *Koenig*, at ¶ 19. The statute also authorizes the court to allow the trial to begin later than 90 days after the arraignment for good cause. *See* N.D.C.C. § 29-19-02; *see also Hall*, 2017 ND 124, ¶ 10, 894 N.W.2d 836.

A

[¶25] Watson pled guilty to the charges in the Hettinger and Stark County cases. Generally, a defendant waives the right to a speedy trial when he pleads guilty. *State v. Wunderlich*, 338 N.W.2d 658, 662 (N.D. 1983). However, Watson's guilty pleas

were conditional, reserving the right to appeal. He did not waive the right to a speedy trial or the issues he raises about the district court's orders granting a continuance. *See State v. Abuhamda*, 2019 ND 44, ¶ 9, 923 N.W.2d 498.

[¶26] Watson argues the State failed to establish good cause for the continuances in the Hettinger and Stark County cases. He claims the State failed to meet the requirements for a continuance due to the unavailability of a witness under N.D.C.C. § 29-19-06 because it did not show it used due diligence to prepare for trial.

[¶27] In both the Hettinger and Stark County cases, the district court granted the State's requests for a continuance based on the unavailability of the primary witness. The court's decisions in the two cases are very similar. In both cases, the court found the State supplied the information required under N.D.C.C. § 29-19-06 for a continuance on the grounds of an absent witness. The court considered whether there was good cause or whether the delay may violate Watson's speedy trial rights. The court found the continuance would result in a trial outside of the 90-day statutory limit, but the delay would be relatively short and the court would try to start the trials in the two cases on January 31, 2018 and February 7, 2018. The court considered the reason for the delay and found the unavailability of the primary witness was a concern, the State's request was not a deliberate attempt to hamper the defense, there was no fault on the part of the State, and this was a "more neutral" reason for a continuance that weighed less heavily but still weighed against the State. The court found Watson asserted the right to a speedy trial. Lastly, the court considered the prejudice to Watson and found that was probably the most important factor in these cases. The court found Watson did not show any actual prejudice and prejudice could not be presumed under the facts of these cases. The court found the continuances would not affect Watson's speedy trial rights and the State showed good cause to allow the trial to begin more than 90 days after the arraignment.

[¶28] Section 29-19-02, N.D.C.C., authorizes the district court to allow a trial to begin later than 90 days after the arraignment for good cause. *See Hall*, 2017 ND 124, ¶ 10, 894 N.W.2d 836. Four factors are considered in determining

7

whether the court had good cause to grant a continuance under N.D.C.C. § 29-19-02: "(1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant." *Everett*, 2008 ND 199, ¶ 26, 757 N.W.2d 530. "No factor is controlling, but a 'lack of prejudice substantially weakens a claim.'" *Hinojosa*, 2011 ND 116, ¶ 8, 798 N.W.2d 634 (quoting *State v. Moore*, 2007 ND 7, ¶ 6, 725 N.W.2d 910).

[¶29] The district court granted continuances in both the Hettinger and Stark County cases, which would have resulted in the trial being held after the 90-day statutory time limit expired. However, the court considered the four factors and found good cause existed for a continuance based upon the unavailability of the primary witness.

[¶30] There is no dispute Watson timely asserted his right to a speedy trial. Both trials were required to begin by January 2, 2018. The district court indicated it would attempt to quickly reschedule the trials. The trials were rescheduled to begin on January 31, 2018 in Hettinger County and February 7, 2018 in Stark County, which was 29 and 36 days beyond the 90-day limit. The length of the delay was relatively short. Whether a delay is too long depends on the circumstances of the case, but the allowable delay for a minor offense is less than that allowed for a more serious and complex offense. *Moore*, 2007 ND 7, ¶ 7, 725 N.W.2d 910. In these cases, the delay was minimal considering the severity of the offenses charged. *See Hinojosa*, 2011 ND 116, ¶ 9, 798 N.W.2d 634 (in Uniform Mandatory Disposition of Detainers Act case, delay of 54 days was not excessive given the severity of the drug delivery offense); *Moore*, at ¶ 7 (in another Uniform Mandatory Disposition of Detainers Act case, delay of 38 days was minimal for the severity of the burglary, theft and criminal mischief offenses).

[¶31] Here, the district court granted the continuances based on the unavailability of the primary witness. A party may request a continuance on the grounds of an absent witness under N.D.C.C. § 29-19-06, which provides:

> "An application for a continuance on the ground that a witness is absent must show:

> 1. That the applicant has used due diligence to prepare for the trial;
> 2. The nature of the diligence used;
> 3. The name and residence of the absent witness;
> 4. What the applicant expects or believes such witness would testify were that witness present and orally examined in court;
> 5. That the testimony of the witness is material;
> 6. The nature of any document wanted and where the same may be found;
> 7. That the same facts cannot be satisfactorily shown by other evidence; and
> 8. That the witness is not absent through the connivance or counsel of the applicant."

The court did not address each factor under N.D.C.C. § 29-19-06, but found the State supplied sufficient information, including that the State used due diligence to prepare for the trial and the nature of the diligence used. Watson argues the State did not show it used any diligence in securing the witness for trial because the State did not subpoena her.

[¶32] The State informed the district court the primary source of communication with the witness was through the Stark County Victim/Witness Program Office and the witness was informed of the trial dates. The State indicated its practice is to send subpoenas after the pretrial conference when the trial dates can be confirmed, and the pretrial conference was held on December 12, 2017. The State advised the court it requested a meeting with the witness immediately following the pretrial conference, they met on December 15, 2017, and the witness said she was available on December 27, 2017, but was not available to testify between December 28, 2017 and January 3, 2018. The State argued the witness was the victim of the alleged offenses and therefore was a necessary witness, her testimony was material, and her testimony could not be supplied by other witnesses. A delay due to the unavailability of the State's main witness when not attributable to the State, may serve as a valid reason to justify a delay of trial. *See State v. Bergstrom*, 2004 ND 48, ¶ 18, 676 N.W.2d 83; *see also Barker v. Wingo*, 407 U.S. 514, 531 (1972) (stating a missing witness may

9

serve as a valid reason to justify an appropriate delay of trial).  Watson has not cited any law from this state supporting his argument that the State was required to subpoena the witness to be entitled to a continuance based on witness unavailability. The evidence supports the court's finding that the State supplied the information required under N.D.C.C. § 29-19-06.

[¶33]  The final factor is prejudice.  Prejudice can take three forms: "oppressive pretrial incarceration, anxiety and concern caused by the delay, and an impaired defense."  *Everett*, 2008 ND 199, ¶ 30, 757 N.W.2d 530 (quoting *State v. Foster*, 1997 ND 8, ¶ 12, 560 N.W.2d 194).  "Delay is not presumptively prejudicial, and a lack of prejudice substantially weakens a claim." *State v. Aguero*, 2010 ND 210, ¶ 22, 791 N.W.2d 1.  Watson did not allege prejudice in any of his responses to the State's motions in the Hettinger and Stark County cases.  Although Watson was incarcerated while awaiting trial, he did not claim that the additional month of incarceration was "oppressive" or that he experienced anxiety caused by the delay.  He has not shown his defense was impaired by the delay.  In weighing the factors, the district court found this factor was probably the most important factor in these cases.  Watson has not shown the delay in either case caused him any prejudice.

[¶34]  Although the 90-day statutory requirement for a speedy trial was exceeded in both cases, the district court found good cause existed and justified exceeding the time limit. The court's decisions were not arbitrary, unreasonable, or unconscionable, and the court did not misinterpret or misapply the law.  Under the facts and circumstances of these cases, the district court did not abuse its discretion by granting a continuance, and Watson's statutory speedy trial rights were not violated.  We affirm the criminal judgments in the Hettinger and Stark County cases.

B

[¶35]  Watson argues the district court erred by granting a continuance in the Golden Valley County case.

[¶36]  The trial was scheduled for December 27, 2017.  The trial was later rescheduled for January 3-5, 2018.  In a December 15, 2017 letter, the district court

10

informed the parties the trial was "currently set as a backup to go January 3-5, 2018, due to scheduling problems associated with the Court's schedule." The State moved for a continuance to allow more time to review information it received from law enforcement. The State also requested a continuance because it was unavailable due to a conflict with a jury trial scheduled in another matter on January 5, 2018. The district court denied the State's motion, finding good cause for a continuance did not exist and the scheduling conflict was "inapplicable" because the judge also would be involved in that case. The State did not file another motion for a continuance. On January 22, 2018, an amended notice was filed, stating the jury trial would be held on January 31-February 2, 2018. No information in the record explains why the trial was not held on January 3-5, 2018 and was rescheduled.

[¶37] At the beginning of the trial Watson moved for dismissal, arguing his statutory speedy trial rights were violated. The State opposed the motion, stating, "The statute 29-19-02 does provide that the Court can, with good cause, grant a continuance if necessary, and the State again supports and puts forth its prior arguments that we've already submitted to the Court." The district court denied the motion, ruling "Motion is denied for the reasons previously stated in my order." However, the court previously denied the State's request for a continuance in this case, finding an absence of good cause. No other orders exist granting a continuance or denying a motion to dismiss for a statutory speedy trial violation. Therefore, nothing in this record identifies the prior order referred to by the court.

[¶38] Watson was arraigned on October 2, 2017, and he elected his right to a speedy trial on October 3, 2017. Watson's election was timely. *See* N.D.C.C. § 29-19-02; *Koenig*, 2018 ND 59, ¶ 19, 907 N.W.2d 344 (stating election of statutory right must be made within the 14-day window following arraignment). Under N.D.C.C. § 29-19-02, the trial was to begin by January 2, 2018, 90 days after Watson's arraignment and the date he elected his right. Section 29-19-02, N.D.C.C., states, "The court may allow the trial to begin later than 90 days of the arraignment for good cause."

11

[¶39] The trial began on January 31, 2018, which was more than 90 days after Watson elected to exercise his right to a speedy trial. The district court denied the State's only motion for a continuance, finding good cause did not exist. The only information in the record explaining why the trial was rescheduled outside the 90-day limit is the court's December 15, 2017 letter to the parties stating the trial was moved due to court scheduling problems. We do not need to decide whether this explanation is sufficient and whether the court abused its discretion, because the trial was rescheduled a second time and the court did not provide any explanation on the record for the further delay.

[¶40] Under N.D.C.C. § 29-19-02, the district court must find good cause for the delay if it allows the trial to begin later than 90 days after a timely speedy trial request. In this case, the court denied the motion for a continuance finding there was not good cause and then rescheduled the trial twice outside the 90 days. The court did not provide any explanation for rescheduling the trial a second time, and we have no findings whether good cause existed for the delay. Without an explanation of the court's decision and a finding of good cause, we are unable to review the court's decision. *See State ex. rel. Schlect v. Wolf,* 2010 ND 101, ¶ 13, 783 N.W.2d 642. Based on the record before us, the court did not comply with N.D.C.C. § 29-19-02 and it improperly rescheduled the trial after the time limit expired, thereby abusing its discretion. *Cf. State v. Olsen*, 540 N.W.2d 149, 151 (N.D. 1995) (holding speedy trial requirements of the Uniform Mandatory Disposition of Detainers Act were violated when trial was held three days after continuance ended).

[¶41] On this record, Watson's statutory speedy trial rights were violated. We reverse the district court's judgment in the Golden Valley County case, and remand for dismissal of the charge with prejudice.

III

[¶42] We affirm the judgments in the Hettinger and Stark County cases. We reverse the judgment in the Golden Valley County case and remand.

12

[¶43]  Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

**Jensen, Justice, concurring in part and dissenting in part.**

[¶44]  The majority opinion is well written and I concur in affirming the convictions in Stark County and Hettinger County.  Because the record supports a determination the district court did not abuse its discretion in granting a continuance of the trial date in Golden Valley County, I would affirm the Golden Valley conviction.

[¶45]  Our review of the district court's findings of fact related to Watson's assertion his right to a speedy trial was violated is subject to the clearly erroneous standard of review.  *Koenig v. State,* 2018 ND 59, ¶ 12, 907 N.W.2d 344; *see also State v. Hall*, 2017 ND 124, ¶ 12, 894 N.W.2d 836.  The district court's decision to grant or deny a continuance is within the court's discretion, and this Court's review is limited to a determination of whether the court abused its discretion.  *State v. Ripley*, 2009 ND 105, ¶ 12, 766 N.W.2d 465; *Everett v. State*, 2008 ND 199, ¶ 25, 757 N.W.2d 530.  A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.  *State v. Hinojosa*, 2011 ND 116, ¶ 7, 798 N.W.2d 634.

[¶46]  Section 29-19-02, N.D.C.C., authorizes the district court to allow a trial to begin later than 90 days after the arraignment for good cause.  *See Hall*, 2017 ND 124, ¶ 10, 894 N.W.2d 836.  Four factors are considered in determining whether the court had good cause to grant a continuance under N.D.C.C. § 29-19-02: "(1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant."  *Everett*, 2008 ND 199, ¶ 26, 757 N.W.2d 530.  "No factor is controlling, but a 'lack of prejudice substantially weakens a claim.'"  *Hinojosa*, 2011 ND 116, ¶ 8, 798 N.W.2d 634 (quoting *State v. Moore*, 2007 ND 7, ¶ 6, 725 N.W.2d 910).

[¶47]  The majority concludes the record is so devoid of information that it is impossible for us to review whether there was good cause to continue the Golden

13

Valley trial from January 2, 2018 to January 31, 2018, and in turn determines the district court abused its discretion. I find the record was sufficient to determine the district court did not abuse its discretion in granting a continuance.

[¶48] At the beginning of the Golden Valley trial, Watson's counsel requested the case be dismissed, asserting the 90-day period to begin the trial as provided in N.D.C.C. § 29-19-02 had run and there was not good cause to continue the start of the trial beyond the statutory 90-day period. The district court responded the issue had been addressed in a prior order and affirmed the continuance was appropriate. The same trial judge, same defendant, and same defense counsel participated in all three trials. The trials were all scheduled within a relatively short window of time. I have no doubt the district court was referencing the rationale from the order(s) entered in the other cases. The majority found the order(s) and reasoning sufficient to affirm the convictions in Hettinger and Stark counties.

[¶49] Even if the majority appropriately ignores the reasoning provided by the district court in the other cases, it errs by failing to evaluate the four factors required to be considered in determining whether the court had good cause to grant the continuance under N.D.C.C. § 29-19-02: "(1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant." *Everett*, 2008 ND 199, ¶ 26, 757 N.W.2d 530. With regard to factor 1, the length of the delay, we know from the record the delay was 29 days. The majority concludes delays of 29 and 36 days to be "relatively short" when reviewing the Stark County and Hettinger County cases. Presumably, the same rationale would apply in Golden Valley and the delay of 29 days was "relatively short."

[¶50] Factor 2 requires consideration of the reason for the delay. If we exclude consideration of the orders in Stark and Hettinger counties, which I believe the district court was referring to, there is admittedly no direct statement of the reason on the record. However, we do know from the exchange the district court has concluded there is good cause for the delay.

14

[¶51] Factor 3 requires consideration of whether the right to a speedy trial was asserted. The right to a speedy trial was properly asserted by Watson.

[¶52] Factor 4 requires consideration of whether Watson was prejudiced by the delay. The record supports the conclusion there was no prejudice. Watson, in the exchange with the district court, did not assert any prejudice. To the contrary, Watson asserted prejudice was not required. "No factor is controlling, but a 'lack of prejudice substantially weakens a claim.'" *Hinojosa*, 2011 ND 116, ¶ 8, 798 N.W.2d 634 (quoting *Moore*, 2007 ND 7, ¶ 6, 725 N.W.2d 910).

[¶53] To summarize the factors, there was a delay the majority concludes was relatively short in Hettinger and Stark counties. We know the district court found good cause, referenced an order that is not in the record, and did not put findings with respect to the reason for the delay on the record. Watson properly asserted his right to a speedy trial. Watson was not prejudiced by the 29-day delay.

[¶54] Our standard of review requires us to determine whether the district court abused its discretion in granting the continuance. *Ripley*, 2009 ND 105, ¶ 12, 766 N.W.2d 465. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Hinojosa*, 2011 ND 116, ¶ 7, 798 N.W.2d 634. Weighing the four factors this Court is required to consider, I do not find the district court acted in an arbitrary, unreasonable, or unconscionable manner, and I cannot conclude the district court misinterpreted or misapplied the law. The district court found good cause, the delay was relatively short, a delay of the same length was appropriate in the companion cases, and there was no prejudice to Watson as the result of the delay. I would affirm the conviction in Golden Valley County, as well as the convictions in Stark and Hettinger counties.

[¶55] Jon J. Jensen
Gerald W. VandeWalle, C.J.

15