1997 ND 143

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Richard Allen FULKS, Defendant and Appellant.**

**Criminal No. 970027.**

Supreme Court of North Dakota.

July 17, 1997.

Rozanna Christine Larson (argued), Assistant State's Attorney, Ward County Courthouse, Minot, for Plaintiff and Appellee.

Scott Aaron Miller (argued), Minot, for Defendant and Appellant.

MARING, Justice.

[¶ 1] Richard Fulks appeals from the district court's denial of his motion to dismiss theft charges, asserting he was not brought to trial within 90 days as required by Section 29–33–03, N.D.C.C., of the Uniform Mandatory Disposition of Detainers Act. We hold there was no violation of the Detainers Act and the court's failure to appoint counsel to represent Fulks on his motion was not reversible error. We affirm the order denying the motion to dismiss.

[¶ 2] On June 6, 1996, while Fulks was incarcerated for an unrelated crime, a criminal complaint was filed in Ward County charging Fulks with two counts of theft. On June 12, 1996, Fulks signed an "Inmates Request for Disposition of Indictments, Information, or Complaints, and Notice of Place of Imprisonment," pursuant to Section 29–33–01, N.D.C.C. By July 24, 1996, both the trial court and the State's Attorney received that document. From that date, the State had 90 days, until October 22, 1996, to bring the charges to trial, or within such additional time as the parties stipulated or the court granted for good cause shown. Section 29–33–03, N.D.C.C.; *State v. Ripley*, 548 N.W.2d 24, 27 (N.D.1996).

[¶ 3] In a plea agreement with the State, one theft charge was withdrawn and Fulks pled guilty to the other theft charge on De-

cember 9, 1996. Judgment of conviction was entered on December 11, 1996 and Fulks was sentenced to five years incarceration with two years suspended. On December 18, 1996, Fulks moved to dismiss both theft charges, alleging his rights under the Detainers Act were violated because he was not brought to trial within 90 days. The court denied the motion on January 15, 1997, and Fulks appealed.

[¶ 4] The 90-day period under the Detainers Act is not a strict statute of limitations, but rather a conditional right, which can be extended by stipulation or acquiescence of the parties or by the court for good cause shown. *See State v. Carlson*, 258 N.W.2d 253, 257 (N.D.1977). Delays or continuances primarily resulting from the conduct of the defendant or his attorney cannot be charged against the State in a claim of failure to bring a case to trial within 90 days. *State v. Kania*, 341 N.W.2d 361, 365–366 (N.D.1983).

[¶ 5] Fulks' actions contributed substantially to the theft charges not being brought to trial within 90 days. On August 26, 1996, Fulks requested a preliminary hearing and was advised that one could be scheduled for August 28, 1996. However, Fulks' counsel wanted additional time to prepare, so the preliminary hearing was not scheduled until September 18, 1996. On that date a witness subpoenaed by Fulks did not appear because the trial court excused him upon learning the witness was out of state for 60 days. Fulks insisted the witness testify at the preliminary hearing, so the court agreed to continue the proceedings for 60 days until the witness could be available to testify. Fulks made no objection and acquiesced in the continuance. At no time during the hearing did Fulks demand to be tried before the expiration of October 22, 1996.

[¶ 6] On October 18, 1996, Fulks notified the State by letter that he wanted the pending theft charges to be resolved but that he first wanted time to meet with Bureau of Criminal Investigation (BCI) agents on an unrelated matter. The State forwarded the letter to the Bureau of Criminal Investigation and implicitly agreed to Fulks' request for time to confer with the BCI agents.

[¶ 7] On November 5, 1996, Fulks' attorney informed the district court by letter there was a plea agreement wherein the State would voluntarily dismiss one theft charge and Fulks would plead guilty to the other. After two scheduled plea hearings were continued at Fulks' request, a hearing was held on December 9, 1996. Prior to Fulks changing his plea on the theft charges, the following discussion occurred on the record:

MR. SLORBY [Fulks' counsel]: ... Mr. Fulks and I have conferred regarding the options. I have advised him that even though he has authorized me to advise the State, as I did in early November that an offer would be accepted, he nevertheless has every legal right to change that acceptance until such time as he actually entered a plea.... Also I have advised him that should he now reject the offer, pursue a Motion to Dismiss pursuant to 29–33–03 which is really a jurisdiction issue, all deals are off so to speak. Should he be unsuccessful we are back to square one and he could be ultimately looking at a greater recommendation from the State. If successful 29–33–03 would result in a Dismissal for want of jurisdiction.... It's Mr. Fulks's choices, not my choices.

\* \* \* \* \* \*

The COURT: Do you wish to proceed with the arraignment today or do you want a different date?

MR. FULKS: Proceed.

\* \* \* \* \* \*

THE COURT: ... If you plead guilty to either or both counts that is a conviction in and of itself. By that plea you give up your right to confront witnesses against you, you give up your right to trial and a conviction results.

The State then withdrew the class C felony theft charge and Fulks pled guilty to one charge of class B felony theft.

[¶ 8] When a defendant, through his own actions or the actions of his attorney, substantially contributes to the State not bringing charges to trial within the 90-day period required by the Detainers Act, the defendant cannot merely rely upon expiration of the 90–

day period to have the charges dismissed against him. *Carlson*, 258 N.W.2d at 259. A defendant cannot have the benefit of delay and then "turn about and charge the State with such delay." *Id.* at 258. The preliminary hearing was delayed at the request of Fulks' attorney for more preparation time. Fulks was insistent about having the witness who was out of state testify at the preliminary hearing and Fulks acquiesced in the court's continuance of proceedings for up to 60 days so that witness could appear. This court will not reverse a trial court's decision to grant for good cause an extension or continuance unless the trial court abuses its discretion. *Kania*, 341 N.W.2d at 365. We conclude the trial court did not abuse its discretion in continuing the preliminary hearing under these circumstances.

■ [¶ 9] Fulks also asked for delay so he could confer with BCI agents. After advising the court a plea agreement had been reached, Fulks again caused delay by requesting two continuances of a scheduled change-of-plea hearing. Fulks' own actions contributed substantially to delays and continuances which resulted in the theft charges not being brought to trial within 90 days. Finally, Fulks had an opportunity at the time of the plea hearing to reject the plea agreement and he chose to proceed. Under these circumstances, we conclude there was no violation of the Detainers Act.[1]

[¶ 10] Fulks also asserts the trial court committed reversible error by not appointing counsel to represent him on the motion to dismiss. Fulks was represented by court-appointed counsel at all stages, including at sentencing. Thereafter, Fulks filed on December 18, 1996 a motion to dismiss and supporting brief, pro se, without assistance of his trial attorney. On January 3, 1997, the trial court told Fulks' attorney he was "relieving him of any responsibility to assist Mr. Fulks in his motion." The court thereafter denied the motion to dismiss, without further proceedings. At Fulks' request the court appointed new counsel to assist Fulks on his appeal from the order denying the motion.

■ [¶ 11] Fulks concedes in his appellate brief that his motion to dismiss "was effectively a proceeding under Chapter 29–32.1 of the North Dakota Century Code, the Uniform Post–Conviction Procedure Act (UPCPA)." The appointment of counsel for motions brought under the UPCPA is discretionary with the trial court. *State v. DeCoteau*, 464 N.W.2d 605, 606 n. 2 (N.D.1990). Absent an abuse of discretion by the trial court, we will not overturn the court's decision to not appoint counsel for UPCPA proceedings. *See Woehlhoff v. State*, 531 N.W.2d 566, 569 (N.D.1995).

[¶ 12] In *State v. McMorrow*, 332 N.W.2d 232 (N.D.1983), the trial court refused to appoint counsel to represent the defendant in his application for post-conviction relief. This court concluded the trial court's failure to appoint counsel for McMorrow did not constitute reversible error under the circumstances:

> The appointment of counsel is discretionary, but applications should be read in a light most favorable to the applicant. If a substantial issue of law or fact may exist, counsel should be appointed. . . .
>
> In the instant case we are presented with the exceptional situation in which it was appropriate for the court not to appoint counsel for McMorrow. McMorrow was able to file an application without assistance. His application, read most favorably toward him, did not raise the possibility of a substantial issue of law or fact. We affirm the trial court's order denying McMorrow's petition for post-conviction relief and his motion requesting appointment of counsel.

*State v. McMorrow*, 332 N.W.2d at 237. Here, too, Fulks prepared a motion to dismiss and supporting brief without assistance of his trial counsel. We have reviewed Fulks' motion and have concluded it is without merit. Fulks' motion failed to raise a substantial issue of law or fact to dismiss the theft charges. It is not an abuse of discretion to refuse to appoint counsel for post-

---

1. Although we conclude there was no violation of the Detainers Act, neither the prosecutor nor the trial court should take lightly the incarcerated defendant's request for prompt disposition of criminal charges in accordance with Section 29–

33–03, N.D.C.C. Every available avenue should be pursued to try the case within the prescribed time. *See State v. Foster*, 1997 ND 8, ¶ 10, 560 N.W.2d 194.

conviction proceedings when the application for relief is completely without merit. *State v. Cook*, 344 N.W.2d 487, 488 n. 2 (N.D.1984). Under these circumstances, we conclude the trial court's dismissal of Fulks' trial counsel and failure to reappoint new counsel until Fulks' requested assistance for this appeal did not constitute reversible error.

[¶ 13] Fulks also asserts the clerk of court had a statutory obligation under Section 29–32.1–03(6), N.D.C.C., to inform him he may have a right to court-appointed counsel to assist with the motion. Under Section 29–32.1–03(6), N.D.C.C., the clerk of court must inform a post-conviction applicant he may have a right to counsel if "the applicant is not represented by counsel." *See State v. DeCoteau*, 464 N.W.2d at 606. In a cover letter to the clerk of the district court accompanying the motion, Fulks acknowledged he was presently represented by the attorney who represented him at the trial. Under those circumstances, the clerk of court had no reason to remind Fulks of his right to counsel and had no statutory obligation to advise him under Section 29–32.1–03(6), N.D.C.C.

[¶ 14] The order denying the motion to dismiss is affirmed.

[¶ 15] VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

