# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 21

State of North Dakota,                                      Plaintiff and Appellee

     v.

David Mondragon,                                      Defendant and Appellant

No. 20190154

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Amanda R. Engelstad, Assistant State's Attorney, Dickinson, ND, for plaintiff and appellee; submitted on brief.

Kevin McCabe, Dickinson, ND, for defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   David Mondragon appeals from conditional pleas of guilty to gross sexual imposition and sexual assault.  Mondragon argues the district court erred by granting the State's requests for continuances, claiming the court denied him his statutory right to a speedy trial.  We affirm the criminal judgment.

I

[¶2]   The State filed an information charging Mondragon with class A felony gross sexual imposition and two counts of class C felony sexual assault. Mondragon waived his right to a preliminary hearing and not guilty pleas were entered on all counts.  On June 12, 2018, Mondragon filed a request for a speedy trial.  At the pretrial conference on July 17, 2018, Mondragon's counsel suggested a trial date be set "and if we need a continuance, we can request it later."  A trial date was set for August 1, 2, and 3, 2018.  Thereafter, in July, August, and December 2018, the State requested three continuances which the district court granted.

A

The First Continuance

[¶3]   On July 23, 2018, the State moved for a continuance citing the unavailability of the prosecutor on the set trial date, unavailable DNA evidence from buccal swabs, and the unavailability of two witnesses: the minor victim's mother, and a state lab employee.  Mondragon objected to the State's motion, arguing the State had not shown good cause for a continuance because it failed to comply with statutory provisions showing it used due diligence to produce witnesses and evidence for trial.

[¶4]   The district court issued an order on the continuance on July 27, 2018, stating it would grant the request and provide the parties with the option to: (1) move the trial a week later, to August 8-10, 2018, so it was still within the 90 day requirement; or (2) move the trial to September 12-14, 2018, which

1

would begin 92 days after the speedy trial request. The court stated if the parties could not make the August 8-10 dates work, its own schedule and the need to properly adjudicate the matter would be good cause under N.D.C.C. § 29-19-02. On August 1, 2018, the court ordered the jury trial be continued to September 12-14, 2018.

B

The Second Continuance

[¶5] On August 28, 2018, a status conference was held. The DNA testing originally requested from the state lab was completed. The State wanted to conduct additional testing that could differentiate between Mondragon's DNA and other familial DNA. This testing would take approximately two months. The next available trial date, in October, however, would create a conflict as the prosecutor had a medical appointment out of state. The next trial date fell over Thanksgiving week and the prosecutor would again be out of town. The State additionally indicated more experts may be required with more exact DNA, making for a potentially longer trial, leaving the next possible trial in December.

[¶6] Mondragon's counsel responded, they "believe[d] that that DNA is going to be exculpatory; so we want that. I mean we definitely want that commodity. We feel that it should have been—we should have had it a long time ago. My client still does not want to waive his right to a speedy trial." The defense additionally stated it would not object to the prosecutor being away in October, as it was "understandable." Regarding the trial date in November, Mondragon's counsel agreed they would not "be able to handle th[e] trial within that time period anyhow; so December is fine." Counsel continued, "It's the court's call. As stated, we are not going to waive speedy trial request. It's already been bumped once. We feel that this should have been out there; however, as indicated, that DNA, we believe is going to be nothing but exculpatory towards my client. So if we have to go out to December, so be it."

[¶7] Bond was also discussed at the status conference. Mondragon's bond was set in March 2018 at $25,000. The district court amended the bond to $50,000 with release by posting 10 percent, or $5,000. After amending bond, the court

2

stated it was going to continue the matter "very reluctantly" and this case was "one of those where, you know, it isn't the defense coming in and saying, 'No. . . . this shouldn't be done,' because it may very well exonerate Mr. Mondragon." The court added it would give the parties notice of the trial dates. The court issued an order on August 30, 2018, granting the State's motion for a continuance until December 19, 2018.

C

The Third Continuance

[¶8]  On December 4, 2018, a pretrial conference was held. Defense counsel indicated they should proceed to trial.  Mondragon and the State noted the new DNA report came in the day before, December 3, 2018.

[¶9]  On December 13, 2018, a status conference was held.  The State noted the defense had indicated it might seek a second opinion on the DNA analysis. Defense counsel discussed the DNA evidence indicating the DNA results were received on Monday, December 3, pretrial was Tuesday, and he was gone at a conference for the rest of the week.   The defense discussed the day of trial and what could occur if a DNA expert could be procured on Mondragon's behalf stating:

> One, we could either do a Motion in Limine and ask that all this be excluded; two, we could do a Motion to Dismiss based on the fact that this case was not brought to trial within the time period allowed under the rules, under the 90-day time period, or even in the short extension that the State requested afterwards; or, three, the State, and not the defense—we're not going to ask for a continuance on this matter, but I believe that the State can.  But I believe that we have every opportunity to consult with a DNA expert ourselves and move forward on this.  And I just want to bring up to the Court's attention that we have been doing that.

[¶10] The State said it did not need a continuance and would "obviously also resist any Motion in Limine, but . . . would rather have the issues dealt with now."  The defense then asked if the court could meet with the parties again on the following Monday, December 17, 2018.

[¶11] As requested, a status conference was held on December 17, 2018, two days before the scheduled trial. The defense did not believe enough potential jurors had been called, especially during flu season and with holiday plans the week before Christmas, noting he had previously represented at least four of the potential jurors. The State agreed. The defense stated it planned to make the motion in limine that had been discussed. The defense also stated it did not think three days was enough time for the trial and "if we do go to trial, we're going to have lots of problems." The State said if it would help the district court, it would make the formal motion for a continuance right then, as it would be better to deal with the problems then instead of the day of trial. In particular, the State was concerned with one of the State's experts coming the day of trial from Florida and the defense was potentially getting a DNA expert.

[¶12] The district court granted the continuance, saying there would not be enough jurors, the trial would take longer than the time scheduled, and the good cause factors were previously addressed in the court's prior opinion. Additionally, the court said if the three days currently set for trial did not work, the next open court calendar would be in February or March. The defense stated if there was a speedy trial violation, "we're already beyond that time; so I don't know what the difference is." On December 18, 2018, the court entered an order for continuance, granting the State's motion. Trial was scheduled for four days and set for February 5-8, 2019.

[¶13] A pretrial conference was held on January 8, 2019. The defense still did not have a report from its DNA expert. On February 5, 2019, a change of plea hearing was held. Mondragon entered conditional Alford pleas to count 1, gross sexual imposition; and count 2, sexual assault. Count 3 was dismissed. The conditional plea under N.D.R.Crim.P. 11(a)(2) reserved his right to appeal an adverse determination of a pretrial motion denying his motion to dismiss. Although the record does not reflect Mondragon moved to dismiss, it is clear from the record that Mondragon and the State and the court intended Mondragon's pleas to be conditional, reserving the court's ruling on continuances as they affect speedy trial issues. *See State v. Abuhamda*, 2019 ND 44, ¶ 10, 923 N.W.2d 498 (stating N.D.R.Crim.P. 11 does not require

4

ritualistic compliance when the transcript clearly reflects the parties and the court intended the plea as conditional).

## II

[¶14] Mondragon was charged with three offenses under N.D.C.C. ch. 12.1-20. Under N.D.C.C. § 29-19-02 defendants charged under N.D.C.C. ch. 12.1-20 have a right to a speedy trial within 90 days of electing the right, which must be within 14 days following the arraignment. It is not contested that Mondragon elected his right to a speedy trial within the 14 days following the arraignment. Mondragon argues good cause did not exist for exceeding the statutory time limit, but does not argue his speedy trial rights under either the federal or state constitutions were violated.

> "When an appellant raises a speedy trial issue, we review the district court's findings of fact under a clearly erroneous standard." *Koenig v. State*, 2018 ND 59, ¶ 12, 907 N.W.2d 344 (quoting *City of Grand Forks v. Gale*, 2016 ND 58, ¶ 8, 876 N.W.2d 701); *see also State v. Hall*, 2017 ND 124, ¶ 12, 894 N.W.2d 836. The decision to grant or deny a continuance is in the court's discretion and the court's decision will be reviewed for an abuse of discretion. *State v. Ripley*, 2009 ND 105, ¶ 12, 766 N.W.2d 465; *Everett v. State*, 2008 ND 199, ¶ 25, 757 N.W.2d 530. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.

*State v. Watson*, 2019 ND 164, ¶ 23, 930 N.W.2d 145.

[¶15] "Under N.D.C.C. § 29-19-02, the State and the defendant have the right to a speedy trial, but a court may continue a case for good cause. The court may dismiss a prosecution if there is an unnecessary delay in bringing a defendant to trial. N.D.R.Crim.P. 48(b)." *State v. Owens*, 2015 ND 68, ¶ 8, 860 N.W.2d 817. A district court's determination on speedy trial are reviewed de novo. *Id.* at ¶ 9; *Koenig v. State*, 2018 ND 59, ¶ 12, 907 N.W.2d 344.

[¶16] Section 29-19-02, N.D.C.C., states:

In a criminal prosecution, the state and the defendant each shall have the right to a speedy trial. The right to a speedy trial in a criminal case in which the charging instrument contains a charge of a felony offense under section 19-03.1-23 or under chapter 12.1-20 is for the trial to begin within ninety days of the date the party elects this right. The prosecution and the defendant shall elect this right within fourteen days following the arraignment. The court may allow the trial to begin later than ninety days of the arraignment for good cause.

When determining whether there is good cause to grant a continuance under N.D.C.C. § 29-19-02 four factors are generally considered: "(1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant." *Watson*, 2019 ND 164, ¶ 28, 930 N.W.2d 145 (quoting *Everett v. State*, 2008 ND 199, ¶ 26, 757 N.W.2d 530). "Whether a delay is too long depends on the circumstances of the case, but the allowable delay for a minor offense is less than that allowed for a more serious and complex offense." *Watson*, at ¶ 30. "No factor is controlling, but a 'lack of prejudice substantially weakens a claim.'" *Id*. at ¶ 28 (quoting S*tate v. Hinojosa*, 2011 ND 116, ¶ 8, 798 N.W.2d 634).

A

The First Continuance

[¶17] Mondragon argues the district court erred by granting the first continuance, arguing the State did not comply with statutory requirements.

[¶18] The State moved for the first continuance citing the unavailability of the prosecutor on the set trial date, the unavailability of two witnesses, and unavailable DNA evidence from buccal swabs. Mondragon resisted the motion arguing the State did not comply with N.D.C.C. § 29-19-06. The district court granted the motion, noting the State did not comply with the exact requirements of the statute, but the State's affidavit gave the court, and Mondragon, sufficient information concerning the reasons for a continuance.

[¶19] A party may request a continuance on the grounds of an absent witness under N.D.C.C. § 29-19-06.

6

An application for a continuance on the ground that a witness is absent must show:

1. That the applicant has used due diligence to prepare for the trial;
2. The nature of the diligence used;
3. The name and residence of the absent witness;
4. What the applicant expects or believes such witness would testify were that witness present and orally examined in court;
5. That the testimony of the witness is material;
6. The nature of any document wanted and where the same may be found;
7. That the same facts cannot be satisfactorily shown by other evidence; and
8. That the witness is not absent through the connivance or counsel of the applicant

N.D.C.C. § 29-19-06. In *Watson*, 2019 ND 164, ¶ 32, 930 N.W.2d 145, the district court did not address the factors under N.D.C.C. § 29-19-06, but concluded the State used due diligence to prepare for the trial. Here, the affidavit included multiple reasons that the court relied on to grant the continuance other than the unavailability of witnesses, including the unavailability of the prosecutor and its own ruling on in camera review, requiring the State to provide Mondragon with additional redacted records. Assuming without deciding the State did not comply with N.D.C.C. § 29-19-06, the court had alternate reasons to find good cause.

[¶20] Mondragon argues the district court abused its discretion as it did not address the four factors: length of the delay, reason for the delay, proper assertion of the right, and actual prejudice to the accused. While we would prefer the court address the four factors, failure of the court to address the factors will not be reversed if we are able to analyze the factors based on the record. *See State v. Moran*, 2006 ND 62, ¶ 16, 711 N.W.2d 915 (analyzing factor not addressed by the district court).

[¶21] The district court gave the parties the option of a trial within the 90 day period, or a trial to begin 92 days after the request. The court stated its trial schedule plus the need to adjudicate the matter on its merits and the proximity

7

to the 90 days would be good cause to move the trial to begin 92 days after Mondragon's speedy trial election. The court took into account other factors, which is permissible as the factors are not exclusive and courts must still engage in a difficult balancing process, including balancing other relevant circumstances.

[¶22] Had the district court addressed the factors, the result would be the same. It is undisputed Mondragon originally properly asserted his right. Regarding the other three factors, the length of delay was two days outside of the 90 day period and delay itself is not presumptively prejudicial. The offenses Mondragon was charged with are not minor offenses. "Whether a delay is too long depends on the circumstances of the case, but the allowable delay for a minor offense is less than that allowed for a more serious and complex offense." *Watson*, 2019 ND 164, ¶ 30, 930 N.W.2d 145. There were multiple reasons for the delay including the unavailability of two witnesses, unavailability of the prosecutor, and unavailability of evidence. The record does not reflect all the reasons for delay were attributable to lack of diligence by the State. Regarding the prejudice factor, there is no indication that the pretrial incarceration was oppressive, there was anxiety and concern caused by the delay, or an impaired defense. Mondragon did not argue to the court that he would be prejudiced by the continuance two days outside of the 90 day window. A lack of prejudice substantially weakens Mondragon's claim his rights were violated.

[¶23] While the district court did not explicitly apply the speedy trial factors, we will not set aside a correct result if the result would be the same applying the factors. *See Davies v. State*, 2018 ND 211, ¶ 14, 917 N.W.2d 8 (stating district court result would not be set aside when the result is the same applying the correct law). Balancing the four factors, Mondragon's statutory right to a speedy trial was not violated by the first continuance.

B

The Second Continuance

[¶24] Mondragon argues the district court erred by granting the second continuance because there was no motion to act upon.

[¶25] At a status conference held on August 28, 2018, the State indicated further testing of DNA evidence was needed, which would take approximately two months. While the State did not formally move to continue the case, the record is clear the State wanted the case continued to have additional DNA testing conducted. Under N.D.R.Crim.P. 47(b), a motion may be made at a hearing. Mondragon made no objection at the status conference to lack of notice, or request the State make a formal motion. Mondragon argues, without providing any legal authority, that a status conference is not a hearing under N.D.R.Crim.P. 47. While not at issue in the case, this Court has previously referred to a status conference as a hearing. *See State v. Barnes*, 2015 ND 64, ¶ 2, 860 N.W.2d 466 (discussing hearing designated as a status conference became a change of plea and a sentence hearing). Mondragon raises this issue for the first time on appeal, and we will not further address it.

[¶26] Mondragon also argues the district court erred in finding the "reason for delay" factor favored a continuance. In particular, Mondragon argues he asserted his right to a speedy trial regarding the DNA evidence and the court shifted the burden on the delay to him.

[¶27] At the pretrial conference Mondragon said he would not object to the prosecutor being unavailable in October due to a medical appointment, as that was "understandable." For the trial date in November, Mondragon and the State agreed they could not schedule the trial in November. Mondragon's counsel stated, they would not "be able to handle th[e] trial within that time period anyhow; so December is fine." As to the DNA, Mondragon believed it would be exculpatory, and the defense stated they wanted the DNA, but did not want to waive the speedy trial rights. Mondragon made no argument at the hearing that he was prejudiced by the requested delay.

[¶28] The district court issued an order on August 30, 2018, and went through the four speedy trial factors at length. The court reasoned the length of time was not unsubstantial, but the trial would conflict with other trial blocks. The court reasoned this factor favored denial of the continuance. The court stated the reason to delay was substantial, but as Mondragon believed the DNA would exonerate him and DNA is becoming more decisive in cases. The court found

9

this factor favored granting the continuance. Mondragon properly asserted his right to a speedy trial, which favored denying the continuance. The court analyzed the final factor and stated it had reduced Mondragon's bond, the trial would be within 9 months of Mondragon's initial appearance, the likelihood of witnesses disappearing or having lapses of memory was insignificant, and Mondragon seemed confident the DNA would vindicate him. The court found good cause and granted the State's motion for a continuance until December 19, 2018.

[¶29] *State v. Fulks*, 1997 ND 143, 566 N.W.2d 418, is pertinent here. While *Fulks* does not discuss the same statutory right to a speedy trial that Mondragon has elected, it does discuss a 90 day statutory right to a speedy trial under N.D.C.C. § 29-33-03, the Uniform Mandatory Disposition of Detainers Act.

> A defendant cannot have the benefit of delay and then "turn about and charge the State with such delay." The preliminary hearing was delayed at the request of Fulks' attorney for more preparation time. Fulks was insistent about having the witness who was out of state testify at the preliminary hearing and Fulks acquiesced in the court's continuance of proceedings for up to 60 days so that witness could appear.

*Fulks*, at ¶ 8.

[¶30] Mondragon cannot have the benefit of the delay to get the DNA evidence he wanted while simultaneously claiming the right to a speedy trial and then charge the State with responsibility for such delay. The district court found good cause existed, and that finding is supported by the record. The court applied the speedy trial factors which justified exceeding the 90 day statutory requirement. The court did not abuse its discretion in granting a continuance, and we agree with the court's analysis. Mondragon's right to a speedy trial was not violated by the second continuance.

## C

## The Third Continuance

[¶31] Mondragon makes the same argument in regard to the third continuance, that the district court did not have a proper motion before it to rule on. As already discussed, this argument is without merit. Mondragon also argues his right to a speedy trial was violated by the court granting the third continuance, arguing the court's decision was arbitrary, unreasonable, and unconscionable.

[¶32] At the status conference on December 17, 2018, both the State and defense did not believe enough jurors had been called, especially with any sicknesses jurors may have during the flu season and holiday plans the week before Christmas. The defense stated it planned to make a motion in limine on the day of trial. The defense also stated it did not think three days was enough time and "if we do go to trial, we're going to have lots of problems." The State said if it would help the district court, it would make the formal motion for a continuance right then, as it would be better to deal with the problems right away instead of on the day of trial. The court said there would not be enough jurors and the trial would take more than the three days scheduled. The court considered the good cause factors: the reasons for delay, actual prejudice to the defendant, and the length of delay that were previously addressed in the court's prior memorandum opinion.

[¶33] *State v. Hinojosa*, 2011 ND 116, 798 N.W.2d 634, like *Fulks*, deals with the Uniform Mandatory Disposition of Detainers Act and continuances. Additionally, it analyzes the four factors for a continuance and is pertinent here.

> "Delays or continuances primarily resulting from the conduct of the defendant or his attorney cannot be charged against the State in a claim of failure to bring a case to trial within 90 days." *State v. Fulks*, 1997 ND 143, ¶ 4, 566 N.W.2d 418. "When a defendant, through his own actions or the actions of his attorney, substantially contributes to the State not bringing charges to trial within the 90-day period required by the Detainers Act, the

11

defendant cannot merely rely upon expiration of the 90-day period to have the charges dismissed against him." *Id*. at ¶ 8.

*Hinojosa*, at ¶ 8.

[¶34] Mondragon argues the status conference was called for the district court's benefit, not the parties and its sole purpose was to discuss the jury pool. The December 17, 2018, status conference was requested by Mondragon. At the conference the jury pool was discussed, but Mondragon planned to make a motion the day of trial and argued that the three days scheduled were not sufficient for trial. Mondragon and the State agreed there would not be enough jurors or days for the trial as scheduled. While the State ultimately made the motion for the continuance, Mondragon requesting four days for trial substantially contributed to this delay. Mondragon did not argue he was prejudiced by the continuance. Again, Mondragon cannot assert his right to a speedy trial while at the same time receive the benefits of the delay. *Fulks*, 1997 ND 143, ¶ 8, 566 N.W.2d 418. The court's finding of good cause was not arbitrary, unreasonable, or unconscionable. Mondragon's right to a speedy trial was not violated by the third continuance.

## III

[¶35] The district court's judgment is affirmed.

[¶36] Lisa Fair McEvers
Gerald W. VandeWalle
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen, C.J.