# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 80

State of North Dakota,                                            Plaintiff and Appellee

  v.

Travis Anthony Lafromboise, II                            Defendant and Appellant

## No. 20200294

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

SheraLynn Ternes, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Elizabeth B. Brainard, Fargo, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Travis Lafromboise appeals from a criminal judgment entered after he conditionally pled guilty to charges of burglary and criminal mischief, reserving the right to appeal the district court's denial of his motion to dismiss. Lafromboise argues the district court erred in denying his motion to dismiss and granting the State a continuance. He contends the time limitations under the Uniform Mandatory Disposition of Detainers Act expired and the court no longer had jurisdiction. We affirm.

I

[¶2]   In December 2019, Lafromboise was charged with burglary, criminal mischief, and wearing a mask during commission of a criminal offense. He was incarcerated in the State Penitentiary on an unrelated matter when the charges in this case were filed. On April 13, 2020, Lafromboise filed a request for final disposition of the pending information within 90 days under the Uniform Mandatory Disposition of Detainers Act, N.D.C.C. ch. 29-33. The 90-day period ended on July 12, 2020.

[¶3]   On June 12, 2020, the State requested the district court issue a writ of habeas corpus ad prosequendum requesting and commanding the Cass County Sheriff and the Warden of the State Penitentiary to bring Lafromboise immediately and lodge him in the Cass County jail. On June 15, 2020, the court issued the requested order and writ.

[¶4]   An arraignment was scheduled for June 16, 2020, but for reasons not established on the record Lafromboise was not transported to Cass County from the penitentiary for the proceeding. Appearing for the anticipated arraignment, his attorney requested a continuance to allow Lafromboise to

attend, and stated Lafromboise did not agree to participate remotely through electronic means.

[¶5]   On July 16, 2020, Lafromboise was discharged to parole in the prior case. On July 17, 2020, he was arraigned through an electronic proceeding in this case. He posted bond and was released.

[¶6]   On July 21, 2020, the State moved to schedule a trial or for a good cause determination extending the time for trial. On the same day, Lafromboise moved to dismiss the charges with prejudice, arguing the State failed to bring him to trial within 90 days from his request for a final determination, no continuance was sought within the 90 days, and no good cause exists for the delay. He claimed the district court no longer had jurisdiction and must dismiss the information because the time for requesting a continuance had passed and a trial was not held within 90 days of his request as required by the Detainers Act. The State opposed the motion.

[¶7]   On August 17, 2020, the district court denied the motion to dismiss and granted the State's request for a continuance. The court ordered a continuance, finding good cause existed to extend the time for trial because of the global COVID-19 pandemic.

[¶8]   Lafromboise subsequently conditionally pled guilty to the burglary and criminal mischief charges, reserving the right to appeal the order denying his motion to dismiss. The charge of wearing a mask during commission of a criminal offense was dismissed. Judgment was entered.

II

[¶9]   Lafromboise argues the district court erred by denying his motion to dismiss because the State's motion to schedule a jury trial within 90 days was not timely and an extension of the 90-day requirement for good cause could not be granted due to the COVID-19 pandemic alone. He contends the court no longer had jurisdiction to grant a continuance and was required to dismiss the

case with prejudice because a trial was not held and a continuance was not sought within 90 days from the date of his request for a final determination.

A

[¶10] The Uniform Mandatory Disposition of Detainers Act applies to "those instances where a detainer has been filed against a person imprisoned in a penal or correctional institution in the State of North Dakota." *State v. Hinojosa*, 2011 ND 116, ¶ 7, 798 N.W.2d 634 (quoting *State v. Moe*, 1998 ND 137, ¶ 19, 581 N.W.2d 468). The Detainers Act states:

> "Within ninety days after the receipt of the request and certificate by the court and prosecuting official or within such additional time as the court for good cause shown in open court may grant, the prisoner or the prisoner's counsel being present, the indictment, information, or complaint must be brought to trial, but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for the attorney to be heard. If, after such a request, the indictment, information, or complaint is not brought to trial within that period, no court of this state any longer has jurisdiction thereof, nor may the untried indictment, information, or complaint be of any further force or effect, and the court shall dismiss it with prejudice."

N.D.C.C. § 29-33-03. This provision "'requires pending charges against an incarcerated prisoner be tried within 90 days of the court's receipt of a request for speedy trial or be dismissed with prejudice,' but 'the statute also allows the court, in its discretion, to grant the State a continuance of the trial for good cause shown.'" *Hinojosa*, at ¶ 7 (quoting *State v. Olsen*, 540 N.W.2d 149, 150 (N.D. 1995)).

[¶11] Lafromboise filed his request for final disposition of the pending information under the Detainers Act on April 13, 2020. The parties agree the district court and prosecutor received notice of the request on this date, and therefore it is the correct date to use for purposes of calculating the 90-day

3

period. Under N.D.C.C. § 29-33-03, an extension or trial was required before July 12, 2020. The State did not seek a continuance or attempt to schedule the trial before July 12, 2020. Nor did the district court grant a continuance based on good cause before July 12, 2020. Therefore, the Detainers Act was not complied with and dismissal of the charges with prejudice is required unless the 90-day period was tolled.

B

[¶12] During the period relevant to these proceedings, the COVID-19 pandemic was affecting the courts, the corrections system, and transport of prisoners between corrections locations. On March 13, 2020, the President of the United States declared a national emergency and the Governor of North Dakota declared a state of emergency in response to the pandemic. On March 16, 2020, this Court declared a judicial state of emergency, stating the pandemic presented challenges to the administration of the judicial branch, the emergency substantially endangered and infringed upon the normal functions of the judicial system, and the pandemic posed a threat to individuals who would come into contact with a court or judicial facility and personnel. *See* N.D. Sup. Ct. Admin. Order 25 (first adopted March 16, 2020 and later amended). Administrative Order 25 suspended criminal jury trials from March through July 1, 2020, allowed district courts discretion to cancel criminal bench trials and hearings, and tolled times for speedy trial. *Id.*

[¶13] Here, the State moved on July 21, 2020, to schedule a trial within 90 days of April 13, 2020, or for a good cause to extend the time for trial. The State's motion acknowledged, "Unless this case is scheduled for trial before July 12, 2020, or the Court makes a good cause determination extending the time for trial, this case must be dismissed." Lafromboise moved to dismiss the charges. A hearing was held on August 17, 2020, for the pending motions. The State argued the case should be allowed to proceed because the COVID-19 pandemic had an adverse effect on jails, the penitentiary, transportation, and

4

the court system. The district court agreed and continued the case for 30 days after finding good cause because of problems caused by the pandemic, stating:

> "So I'm going to deny the motion [to dismiss]. *29-33-03 allows the Court, and I'll read the Statute verbatim, 'within 90 days after the receipt of the request and certificate by the court and prosecuting official, or within such additional time as the court for good cause shown in open court may grant.' So I'm going to find that there is good cause because of what was going on with COVID.* It's an unprecedented situation that we faced as a society. Under ideal circumstances, certainly Defendant should be brought back and tried within that 90 days, but what we had going on April 13th to at least May 13th, I'm going to exclude that time. So I'm going to give the State 30 additional days there of additional time that they can have because it's good cause, because of the global pandemic."

(Emphasis added.)

[¶14] The district court granted a continuance under N.D.C.C. § 29-33-03 of the Detainers Act and did not address the correct threshold question whether the June 16, 2020 continuance satisfied the requirements of Administrative Order 25. As we decided in Part II A, by August 17, 2020, any good cause determination under the Detainers Act was untimely and, under N.D.C.C. § 29-33-03 all the district court could do is dismiss the charges for lack of jurisdiction to continue their prosecution unless the 90-day period was tolled. The district court therefore erred in finding good cause and extending the deadlines under N.D.C.C. § 29-33-03.

C

[¶15] On June 15, 2020, the district court directed the sheriff to bring Lafromboise to the Cass County jail. The district court scheduled an arraignment for the next day. Lafrombois was not transported to Fargo and he therefore was not at the June 16, 2020 arraignment. The district court

continued the arraignment with Lafromboise's counsel's assent. The record of that proceeding reflects the following discussion:

> "THE COURT: So Ms. Brainard appears on behalf of the Defendant. No appearance by the Defendant. Apparently he is still in Bismarck and we haven't been able to get him to town. Ms. Viste appears on behalf of the State of North Dakota.
>
> Do you just want to continue this then, Ms. Brainard?
>
> MS. BRAINARD: Yes, Your Honor.
>
> THE COURT: Thoughts, Ms. Viste?
>
> MS. VISTE: That's fine, Your Honor. I don't know if they can set up an ITV hearing through Bismarck.
>
> MS. BRAINARD: My client has declined ITV. He intends to decline ITV when he is here. He doesn't trust ITV.
>
> THE COURT: That is his right."

[¶16] At this proceeding the district court recognized N.D. Sup. Ct. Admin. Order 25 applied to calculating time for speedy trial requests and might apply to disposition of detainers. The court stated, "I thought Administrative Order 25 explicitly excluded the certain period for calculation of speedy trial. I don't know that it's applicable to those detainers, but that is a very interesting question." As relevant to this case, Administrative Order 25, ¶ 5, § 4 provided: "For criminal trials, *if a district court grants a continuance* in a case where a speedy trial has been demanded, by this Order, the Supreme Court determines the period from March 16, 2020 to July 1, 2020 shall be deducted from the date by which trial must be commenced." (Emphasis added.) The question therefore is whether the June 16, 2020 continuance satisfied this tolling provision of Administrative Order 25.

6

[¶17] Delays or continuances primarily resulting from the defendant's conduct cannot be charged against the State in a claim of failure to bring a case to trial within 90 days. *State v. Fulks*, 1997 ND 143, ¶ 4, 566 N.W.2d 418. "When a defendant, through his own actions or the actions of his attorney, substantially contributes to the State not bringing charges to trial within the 90-day period required by the Detainers Act, the defendant cannot merely rely upon expiration of the 90-day period to have the charges dismissed against him." *Id.* at ¶ 8.

[¶18] In *Fulks*, 1997 ND 143, ¶ 9, we held no violation of the Detainers Act occurred when theft charges were not brought to trial within 90 days after the defendant's requested final disposition under the Detainers Act. There, the defendant's attorney requested additional time to prepare for the preliminary hearing, the defendant insisted a witness testify at the preliminary hearing, the witness was out of state for an extended period of time, and the hearing was continued until the witness was available. *Id.* at ¶ 5. We said, "A defendant cannot have the benefit of delay and then 'turn about and charge the State with such delay.'" *Id.* at ¶ 8 (quoting *Carlson*, 258 N.W.2d at 258). We concluded the district court did not abuse its discretion by continuing the preliminary hearing under these circumstances, the defendant's actions contributed to the delays that resulted in the charges not being brought to trial within 90 days, and therefore the Detainers Act was not violated. *Fulks*, at ¶¶ 8-9.

[¶19] Here, Lafrombois argued at the August 17, 2020 hearing that he did not cause or contribute to the delay in bringing his case to trial. His counsel stated:

> "I agree that continuance was granted. That was probably my error. That should have been a continuance against the State because they had the burden to get him here that day. They acknowledged that by filing a writ of—motion for a writ of *habeas corpus*. That should not be construed against the Defendant. It should be construed against the State."

and

> "I disagree with this good cause argument that the Court seems to be leaning toward and the State is making. He sat 60 days without a writ of *habeas corpus* being filed. Four days prior to the hearing, the motion for a writ is filed, and of course there is a delay. Absolutely the pandemic was an issue, but this is the reason why I think that the Supreme Court, a., they can address statutory issues in the same way, but b., we weren't suspending most in-court proceedings. He could have been transferred to Cass County in February, March, April, May, June—at any of those times. In court, in-custody proceedings, were always a go. The first two weeks of July he could have been tried in this matter. There was no—there is no excuse for the State's delay in failing to transport him here."

[¶20] This Court long has embraced the rule that the district court's result will be affirmed if it is right for the wrong reason. *Investors Title Ins. Co. v. Herzig*, 2010 ND 169, ¶ 40, 788 N.W.2d 312 ("[W]e will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning." *Sanders v. Gravel Products, Inc.*, 2008 ND 161, ¶ 9, 755 N.W.2d 826). Therefore, notwithstanding the district court's August 17, 2020 ruling based on N.D.C.C. § 29-33-03, we consider whether the 90-day period was tolled under Administrative Order 25, ¶ 5, § 4. After doing so, we disagree with Laframboise's argument that the 90-day period was not tolled.

[¶21] The plain language of Administrative Order 25, ¶ 5, § 4 guides our decision. Under the Order, "if a district court grants a continuance in a case where a speedy trial has been demanded, by this Order, the Supreme Court determines the period from March 16, 2020 to July 1, 2020 shall be deducted from the date by which trial must be commenced." The Order was not limited to continuances requested by the State, and instead broadly applied to "a continuance." The Order's breadth was required by the national, state, and judicial emergencies, and reflected the reality that judicial resources during

8

the pandemic were limited, and any case delay would make compliance with a speedy trial demand extremely difficult if not impossible. *See also Stanley v. Super. Ct. of Contra Costa Cty.*, 263 Cal. Rptr.3d 735, 739 (Cal. Ct. App. 2020) (holding the severity of the COVID-19 pandemic and the impact it had on the state supported the trial court's finding of good cause to continue the defendant's trial past statutory speedy trial time limits).

[¶22] We also disagree with Lafromboise's argument that Detainer Act proceedings are not "speedy trial" proceedings for purposes of Administrative Order 25, ¶ 5, § 4. This provision of Admin. Order 25 does not cite the statutes or state and federal constitutional provisions under which a defendant may demand a speedy trial. Nor does it refer by name to detainers or cite to Chapter 29-33. Although differences exist between treatment of speedy trial demands and demands for disposition of detainers, we have referred to both with the label "speedy trial." *See State v. Mondragon*, 2020 ND 21, ¶ 29, 937 N.W.2d 531 (referring to "a 90 day statutory right to a speedy trial under N.D.C.C. § 29-33-03"); *Hinojosa*, 2011 ND 116, ¶ 7 (The Detainers Act "requires pending charges against an incarcerated prisoner be tried within 90 days of the court's receipt of a request for speedy trial or be dismissed with prejudice," but "the statute also allows the court, in its discretion, to grant the State a continuance of the trial for good cause shown."); *State v. Olsen*, 540 N.W.2d 149, 151 (N.D. 1995) (referring to the defendant's "Section 29-33-03, N.D.C.C., statutory right to a speedy trial").

[¶23] Upon application of Administrative Order 25, ¶ 5, § 4, "the period from March 16, 2020 to July 1, 2020 shall be deducted" by the district court. This language dispensed with the district court's need to make any further findings about the 90-day period because, after the June 16, 2020 continuance, the 90-day period was tolled as a matter of law. Therefore, although right for a different reason, the district court did not err by granting the State additional time to schedule a trial and denying Lafromboise's motion to dismiss.

## III

[¶24] We affirm the criminal judgment.

[¶25] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte