# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 133

State of North Dakota,

Plaintiff and Appellee

v.

Nataneil Tekie Solomon,

Defendant and Appellant

## No. 20250021

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Nicholas S. Samuelson (argued) and Renata J. Selzer (on brief), Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Nataneil Tekie Solomon appeals from a criminal judgment convicting him of gross sexual imposition and contributing to the deprivation or delinquency of a minor. Solomon argues the district court erred in denying his motion to dismiss for violation of his statutory right to a speedy trial. We affirm the criminal judgment.

I

[¶2]   In February 2024, Solomon was charged with gross sexual imposition, a class A felony, and contributing to the deprivation or delinquency of a minor, a class A misdemeanor. In March 2024, a preliminary hearing and arraignment were held, during which Solomon pleaded not guilty and requested a speedy trial. The parties attempted to schedule the trial date at the hearing, but struggled to find a date without a prior scheduling conflict. Solomon's counsel requested that the trial be a "date certain." The district court acknowledged that a later date would be more than 90 days after Solomon's invocation of his speedy trial right but found good cause to extend because of the "schedules of the parties."

[¶3]   The district court's next available "date certain" for a trial was July 30, 2024. The parties anticipated the trial would take three or four days and agreed that the July dates worked for both parties' schedules. The court set a pretrial conference for July 29, 2024, with trial to begin on July 30, 2024.

[¶4]   In May 2024, during a status conference, Solomon's counsel withdrew from representation of Solomon. Solomon was appointed new counsel shortly after the withdrawal of his counsel.

[¶5]   At the beginning of the trial in July 2024, Solomon's counsel moved to dismiss the case for violation of his right to a speedy trial under N.D.C.C. § 29-19-02. The district court noted that the parties had agreed upon the trial date at the March 2024 arraignment and explained the following:

[THE COURT:] So there were a lot of discussions. Mr. Dusek requested May 14th and 15th. Ms. Selzer was already in a murder trial. I offered to set it as a back-up; however, the parties continued discussing other dates. I offered June. Mr. Dusek had a murder trial that day, so we discussed—I also discussed we could set it on that day, but I had a shorter trial week that day, and already had a AA felony lead-off trial set on my docket that day. So we discussed I would have a lead-off in July. The parties agreed to set it on that date in July, so that's this date that we have today.

So I—multiple things were offered. The dates that were ultimately set were July dates. We did have another conference on this, a status conference on May 1st. Nobody asked for me to look at my calendar again, for—to see if that—those May dates were open. Nobody asked, again, to push it onto the June calendar. I confirmed with the parties on that date, that the July date is what we'll leave it set at, even though Mr. Dusek, at that hearing, had indicated that he might have a conflict. That he received 2,000 pages of discovery. So that was the May 1st status conference. Nobody raised an issue with the dates of the trial that day.

I had actually found good cause, on the record, to extend it at that preliminary hearing date in March. And so due to the Court docket, the party's conflicts, and making a lead-off available for the parties, and also accommodating not only the Court's schedule but the attorney's schedules, we set it on for that July date. Mr. Dusek did ultimately have to withdraw from the case, so had we even set it in that—on the May dates, you would have been assigned after those trial dates. They were the 14th and 15th. So that would have left June, which I had a AA felony trial on my docket, and so that left, again, the July dates available.

Again, good cause was found to set it in July. The attorneys could have raised it again in May. Nobody objected when the Court specifically brought up the speedy trial request again, on May 1st, reiterated the dates of trial, and nobody requested an earlier date at that time. And so based on all those things, I do find there was good cause to go beyond the 90 days in this case, and that I'm going to deny the motion. . . .

[¶6] The jury convicted Solomon on both counts: (1) gross sexual imposition and (2) contributing to the deprivation or delinquency of a minor.

## II

[¶7]   "When an appellant raises a speedy trial issue, we review the district court's findings of fact under a clearly erroneous standard; we review its speedy trial determination de novo." *City of Grand Forks v. Gale*, 2016 ND 58, ¶ 8, 876 N.W.2d 701. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Belyeu v. State*, 2024 ND 133, ¶ 6, 9 N.W.3d 648 (quoting *Abdi v. State*, 2021 ND 110, ¶ 8, 961 N.W.2d 303).

## III

[¶8]   Solomon argues the district court erred in denying his motion to dismiss for violation of his statutory right to a speedy trial because the State failed to demonstrate "good cause" for the delay. He raises four issues in support of his argument: (1) the prosecutor's statement regarding a conflicting scheduling commitment was "uncertain" and "unverified," (2) the prosecutor knew of a potential scheduling conflict in the other conflicting trial, (3) the prosecutor was not the lead counsel in the other conflicting trial, and (4) the court failed to address the *Barker* factors.

[¶9]   "A defendant in a criminal matter has the right to a speedy trial under Article 1, Section 12, of the North Dakota Constitution, N.D.C.C. § 29-19-02, and the Sixth Amendment to the United States Constitution." *Koenig v. State*, 2018 ND 59, ¶ 13, 907 N.W.2d 344. In addition to the constitutional speedy trial protections, section 29-19-02, N.D.C.C., states:

> In a criminal prosecution, the state and the defendant each shall have the right to a speedy trial. The right to a speedy trial in a criminal case in which the charging instrument contains a charge of a felony offense under section 19-03.1-23 or under chapter 12.1-20 is for the trial to begin within ninety days of the date the party elects this right. The prosecution and the defendant shall elect this right within fourteen days following the arraignment. The court may allow the trial to begin later than ninety days of the arraignment for good cause.

3

[¶10] Solomon was charged under N.D.C.C. § 12.1-20-03(1)(d) for gross sexual imposition and elected to exercise his right to a speedy trial at his arraignment on March 21, 2024. Applying the statutory 90-day window, the trial was required to begin no later than June 19, 2024, unless "good cause" was found by the district court. *See State v. Watson*, 2019 ND 164, ¶ 40, 930 N.W.2d 145 ("Under N.D.C.C. § 29-19-02, the district court must find good cause for the delay if it allows the trial to begin later than 90 days after a timely speedy trial request.").

[¶11] "Four factors are considered in determining whether the [district] court had good cause to grant a continuance under N.D.C.C. § 29-19-02: '(1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant.'" *Watson*, 2019 ND 164, ¶ 28 (quoting *Everett v. State*, 2008 ND 199, ¶ 26, 757 N.W.2d 530). "Whether a delay is too long depends on the circumstances of the case, but the allowable delay for a minor offense is less than that allowed for a more serious and complex offense." *Id*. ¶ 30. "No factor is controlling, but a lack of prejudice substantially weakens a claim." *Id*. ¶ 28 (cleaned up). "As utilized by the courts, however, the causal factor actually encompasses two issues: (1) who caused the delay, and (2) the motives or reasons for the delay." N.D.R.Crim.P. 48, Explanatory Note.

[¶12] In finding "good cause" to schedule the trial on July 30, 2024, 41 days outside of the statutory 90-day window, the district court relied on the scheduling conflicts of both parties, the court's docket, the lack of request by either party for an earlier trial date when the opportunity to do so presented itself, and Solomon's counsel agreement to the July 30, 2024 date.

[¶13] In *State v. Mondragon*, 2020 ND 21, ¶ 29, 937 N.W.2d 531, we addressed the issue of a delayed trial date by referencing *State v. Fulks*, 1997 ND 143, 566 N.W.2d 418 ("While *Fulks* does not discuss the same statutory right to a speedy trial that Mondragon has elected, it does discuss a 90 day statutory right to a speedy trial under N.D.C.C. § 29-33-03, the Uniform Mandatory Disposition of Detainers Act."). In *State v. Fulks*, we explained:

> The 90-day period under the Detainers Act is not a strict statute of limitations, but rather a conditional right, which can be extended by stipulation or acquiescence of the parties or by the court

4

for good cause shown. *See State v. Carlson*, 258 N.W.2d 253, 257 (N.D. 1977). Delays or continuances primarily resulting from the conduct of the defendant or his attorney cannot be charged against the State in a claim of failure to bring a case to trial within 90 days. *State v. Kania*, 341 N.W.2d 361, 365-366 (N.D. 1983).

. . . .

When a defendant, through his own actions or the actions of his attorney, substantially contributes to the State not bringing charges to trial within the 90-day period required by the Detainers Act, the defendant cannot merely rely upon expiration of the 90-day period to have the charges dismissed against him. *Carlson*, 258 N.W.2d at 259. A defendant cannot have the benefit of delay and then "turn about and charge the State with such delay." *Id*. at 258.

1997 ND 143, ¶¶ 4, 8.

[¶14] Solomon argues that the district court's denial of his motion to dismiss was erroneous because, when finding "good cause" and denying Solomon's motion to dismiss, the court failed to explicitly address all of the *Barker* factors. "While we would prefer the court address the four factors, failure of the court to address the factors will not be reversed if we are able to analyze the factors based on the record." *Mondragon*, 2020 ND 21, ¶ 20.

[¶15] In regard to the first three *Barker* factors, the record reflects the following: (1) the length of delay was 41 days, (2) the reason for the delay was the conflicting schedules of both the State and Solomon's counsel, and (3) Solomon exercised his right to a speedy trial at his arraignment on March 21, 2024. The fourth *Barker* factor focuses on prejudice to the defendant as the result of the delay. "Prejudice can take three forms: 'oppressive pretrial incarceration, anxiety and concern caused by the delay, and an impaired defense.'" *Watson*, 2019 ND 164, ¶ 33 (quoting *Everett*, 2008 ND 199, ¶ 30). The only prejudice Solomon alleges to have suffered as a result of the delay is "prolonged pretrial incarceration" and "anxiety of awaiting trial on serious charges." No specific argument has been made in Solomon's brief linking the pretrial incarceration and anxiety to his claim of prejudice. *See State v. Hall*, 2017 ND 124, ¶ 14, 894 N.W.2d 836 ("To establish actual prejudice, a defendant must factually link [their] loss of liberty with any specific prejudice to [their] right to a fair trial." (cleaned up)). As

5

previously indicated, a claim is substantially weakened when prejudice is lacking. *See Watson*, ¶ 28.

[¶16] The schedules of both parties contributed to the delay, Solomon's counsel agreed to a trial date outside of the 90 days, and the State did not deliberately cause the delay to obstruct the defense. "While the district court did not explicitly apply the speedy trial factors, we will not set aside a correct result if the result would be the same applying the factors." *Mondragon*, 2020 ND 21, ¶ 23. We conclude the district court did not err in finding "good cause," nor did it err in denying Solomon's motion to dismiss.

[¶17] Solomon challenges the accuracy of the record in this case with regard to whether counsel for the State had a conflict requiring the trial to be scheduled beyond the 90-day window. Specifically, Solomon alleges the following: (1) the prosecutor's statement regarding a conflicting scheduling commitment was "uncertain" and "unverified," (2) the prosecutor knew of a potential scheduling conflict in the other conflicting trial, and (3) the prosecutor was not the lead counsel in the other conflicting trial. Solomon offers only allegations, without any support for the allegations based on the record in this case. Regardless, the State responds that the allegations can be easily refuted by taking judicial notice of the record in the separate record of the case that counsel for the State asserted created the conflict. *See* N.D.R.App.P. 10(a). The State asks this Court to take judicial notice of the district court record, *State of North Dakota v. Spencer Jay Moen* (*see* file no. 09-2023-CR-03726), outside of this appeal. We decline the State's invitation to go beyond the record of this case and take judicial notice of proceedings in another case. Here, Solomon has made allegations contrary to the existing record on appeal. If there is information outside of the current record to support Solomon's allegations, he could have requested supplementation of the record either through judicial notice or otherwise. We conclude it is unnecessary for the State to seek judicial notice of matters outside of the record to rebut allegations contrary to the existing record.

[¶18] We conclude the district court did not err in finding good cause existed to schedule Solomon's trial outside of the statutory 90-day speedy trial window. The judgment is affirmed.

6

[¶19] Jon J. Jensen, C.J.

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Douglas A. Bahr